The City of St. Joseph ex rel. Danaher v. Wilshire.

---

THE CITY OF ST. JOSEPH *ex rel.* OWEN DANAHER, Appellant, v. ELIZABETH WILSHIRE, Respondent.

Kansas City Court of Appeals, December 7, 1891.

1. **Municipal Corporation:** SEWER ORDINANCE: CONNECTION: PLEADING. A district sewer ordinance should connect the sewer with a public sewer, another district sewer or the natural course of drainage, and, if it fails to do so, it is void ; but the ordinance need not on its face in terms specify that it does so connect.

2. ————: SEWER ORDINANCE MUST PRESCRIBE MATERIAL: COUNCIL : DELEGATION. The power to prescribe the material out of which a sewer should be constructed is a legislative power and belongs to the discretion of the council and cannot be delegated to the city engineer.

3. ———— : ———— : RECEIVING BASIN, ETC.: TAX BILLS. Though an ordinance prescribes the material for the sewer, yet, if it fails to do the same for receiving basins and manholes, it is void and no action can be maintained on a tax bill issued for building a sewer under such ordinance.

ON REHEARING. .

4. ————: CURING DEFECTIVE ORDINANCE. A defective ordinance can only be cured by an ordinance passed by the council and affirmed by the mayor, and not by a mere resolution of the council, as in approving a contract and specification let under the defective ordinance.

5. ————: ORDINANCE VOID IN PART : CONTRACT SEVERABLE : RECOVERY ON TAX BILL. A sewer ordinance prescribed the material for the sewer, but failed to prescribe the material for the basin, etc. The contract for the construction of the work showed separate prices for the sewer and for the basins, etc. *Held*, the ordinance was valid as to sewer, though void as to the basins, etc., and the contract as to the sewer was binding, and that a recovery can be had on tax bills issued thereunder for the balance after deducting the price of the unauthorized work.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

REVERSED AND REMANDED.

*Randolph & Woodson, Beebe, Randolph & Watson* and *Strop & Duncan*, for appellant.

Under the pleadings in this cause and Revised Statutes, 1879, sections 4790 and 4791, the ruling of the trial court in sustaining defendant's demurrer was erroneous, as also was the action of the court in rendering judgment for the defendant.

ON REHEARING.

(1) There is in fact and law no delegation of power to the city engineer, by the ordinance in question, as to the material to be used in the construction of the manholes and receiving basins ; because this ordinance is subject to the provisions of general ordinances, section 1, chapter 69, which requires the city engineer to prepare plans, specifications and a contract, and submit them to the common council for its approval. *Adkins v. Railroad*, 36 Mo. App. 652 ; *The Town of Tipton v. Norman*, 72 Mo. 283, 284. (2) It is not necessary to incorporate into the ordinance the plans and specifications for the work, nor anything descriptive of the work, except the location of the sewer, and the dimensions of the sewer proper. R. S. 1879, sec. 4791. The interpretation of this section will be aided by comparing it with section 12, page 55, Laws 1887. When a provision is inserted, where one class of work is involved, and omitted where another class of work is concerned, it is to be presumed that it was purposely omitted, and that the legislature did not intend to make it a requirement. *State v. Pitts*, 51 Mo. 135 ; *State v. Clark*, 54 Mo. 218. (3) Even though the ordinance in question was so constructed as to prevent

a recovery for the receiving basins and manholes, the plaintiff would be entitled to recover *pro tanto* for the sewer proper, the price of each being separately stated in the contract. *Miller v. Anheuser*, 2 Mo. App. 168. (4) That the connection of the district sewer with the main sewer is sufficiently stated in the ordinance. If by one construction an ordinance will be valid, and by another void, the courts will, if possible, adopt the former. 1 Dillon's Municipal Corporations [3 Ed.] sec. 420.

*Joseph P. & Arthur Grubb*, for respondent.

(1) A municipal corporation is utterly powerless to act, aside from the powers granted by its charter (*Kiley v. Oppenheimer*, 55 Mo. 374 ; *Leach v. Cargill*, 60 Mo. 316), and can exercise the powers conferred upon it only in such manner as is prescribed by the creating act. *Mfg. Co. v. Schell City*, 21 Mo. App. 175; *Thrush v. City of Cameron*, 21 Mo. App. 394. The legislative powers of a municipal corporation cannot be delegated. *Mathews v. City of Alexandria*, 68 Mo. 115 ; *Thompson v. Booneville*, 61 Mo. 282 ; 1 Dillon on Mun. Corp., sec. 96, and cases cited, and 2 Dillon, sec. 779, and cases cited. R. S. 1879, sec. 4791, art. 3. An ordinance which does not conform to the above provision of the charter regarding connections is void. *City of Kansas v. Swope*, 79 Mo. 447. In this case the ordinance is silent as to the material of which the receiving basins should be composed, and as to their dimensions, impliedly leaving those matters to the discretion of the city engineer. We think these are matters coming exclusively within the legislative powers of the council. *City of St. Louis to use v. Clemens*, 43 Mo. 395.

### ON REHEARING.

(1) An invalid ordinance can be cured only by ordinance. No such validating of ordinance is pleaded. *Cole v. Skrainka*, cited by plaintiff's attorneys, decides

no point raised in the case. *State v. Pitts*, 51 Mo. 135, is not in point. ( 2 ) A resolution of the council not signed by the mayor, touching powers delegated to the mayor and council, does not have the force of an ordinance, but is void. *Saxton v. Beach*, 50 Mo. 488–9 ; *Irvin v. Devors*, 65 Mo. 627, second paragraph of opinion by Norton. In the case at bar not even a resolution is pleaded. *State v. Clarke*, 54 Mo. 218, not in point. So with 1 Dillon's Mun. Corp., sec. 420. ( 3 ) *Miller v. Anheuser* is no authority for the claim that plaintiff can recover *pro tanto* for the sewer, notwithstanding the invalidity of the ordinance. The contract is not supported by the ordinances pleaded, and must fall.

Ellison, J.—The petition in this cause was founded on a special tax bill, issued on account of the building of a district sewer. A demurrer to the petition was sustained and plaintiff appeals. That portion of the city charter applicable is as follows : '' District sewers shall be established within the limits of the district prescribed by ordinance, connecting with the public sewer or other district sewer or with the natural course of drainage, as the case may be * * * and said sewer shall be of such dimensions as may be prescribed by ordinance,'' etc. R. S. 1879, sec. 4791, art. 3. That portion of the ordinance sets out in the petition necessary to notice is as follows : Sec. 1. The city engineer is hereby directed to cause a district sewer to be constructed within a portion of sewer district number 14, with all the lateral sewer inlets, manholes, junction pieces and other appurtenances necessary to render such sewer complete and efficient ; said sewer being by the common counsel deemed necessary for sanitary and drainage purposes. Said sewer shall be located as follows: Commencing at the manhole at the center of Church and Thirteenth streets, thence north to the center line of the alley running east and west through block 29, St. Joseph Improvement Addition, thence west on the

center line of said alley to the east property line of Twelfth street, to be of vitrified clay pipes, fifteen inches in diameter, on Thirteenth street, and twelve inches in diameter on the alley, also, one manhole at the center of Thirteenth street and the alley dividing block 29, St. Joseph Improvement Addition, also three inlets located as follows : One on Twelfth street at the northeast corner of alley dividing block 29, St. Joseph Improvement Addition, one on Thirteenth street at northwest corner of alley in block 29, St. Joseph Improvement Addition and one on the east side of Thirteenth street, opposite the north line of the alley in block 29, St. Joseph Improvement Addition.

The following is among the allegations of the petition :  "That thereupon plaintiff entered into contract with the said city of St. Joseph to build said sewer upon the terms of said bid and award, to-wit:  For twelve-inch sewer pipe, per lineal foot, $1.05 ; for fifteen-inch sewer pipe per lineal foot, $1 ;  for each receiving basin complete, including pipe connections, the sum of $42 ; and for each manhole complete, the sum of $40 ; that the sewer so ordered and bid for connected at the center of Church and Thirteenth streets with a public sewer previously constructed by the city of St. Joseph, which said sewer empties into the Missouri river at the foot of —— street in said city ; that, therefore, plaintiff proceeded to do the work aforesaid in accordance with the said ordinances and the said plans and specifications and, in accordance with said contract, and has performed all the conditions thereof ; that said work was completed on the —— day of —— 1888." The objections to the petition are that it discloses a void ordinance in that it ( the ordinance ) does not provide that the sewer shall connect with the public sewer, a district sewer, or with the natural course of drainage.

It is unquestionably true that the sewer should so connect, and if the ordinance fails to provide for such connection, it is void.  *Bayha v. Taylor*, 36 Mo. App.

427. But must the ordinance on its face in terms specify that it does so connect? We think not. If the provisions of the ordinance do in fact so connect it, it ought to be sufficient so far as the ordinance is concerned. In this case the petition alleges that the sewer connects with a public sewer at the point which is named in the ordinance, as the starting point of the sewer in controversy. *The City of Kansas v. Swope*, 79 Mo. 446, decides nothing contrary to the foregoing.

II. The next objection is, that the ordinance does not specify the material of which the sewer basins and the manholes shall be constructed. The charter does not in terms require that the ordinance shall specify the material, but, notwithstanding this, I apprehend that such is a part of the legislative function of the city council. This is apparent from the nature of such municipal body and from the powers granted and the duties enjoined upon it by the charter, "Legislative power implies judgment and discretion upon the part of those who exercise it, and special confidence and trust upon the part of those who confer it." *Ruggles v. Collier*, 43 Mo. 353. The power and discretion to order the building of the sewer is scarcely more important to the public and to the individual taxpayer, than the authority to say of what material it shall be constructed. If the material was not provided for by the ordinance it must have been left to the judgment of the city engineer. As was said in the case cited, in speaking of paving streets, "It is in effect a power of taxation, which is the exercise of sovereign authority, and nothing but the most plain and explicit language can induce or justify a court in holding that the legislature intended to confer such exorbitant power on the mere discretion of a single city officer." Our opinion is that prescribing the material out of which the sewer was to be constructed was a legislative power, and that it belonged to the discretion of the council. If this be the correct position, it follows that such power could

OCTOBER TERM, 1891. 131

The City of St. Joseph ex rel. Danaher v. Wilshire.

not be delegated. *Galbreath v. Newton*, 30 Mo. App. 380; *Ruggles v. Collier, supra; City v. Clemens*, 43 Mo. 404.

III. A difficult part of the question remains to be disposed of. It will be noticed that the material for the sewer proper is prescribed by the ordinance, but the material for the receiving basins and the manhole is not. Is this such a substantial part of the work as will invalidate the proceedings? Judge BLISS says, in *Sheehan v. Gleeson*, 46 Mo. 100, that "An ordinance may lack desirable precision, and still may so provide for the manner in which an improvement shall be made, and be such a compliance with the law, although a loose one, that the courts would not be authorized to invalidate the action of the city officers under it. It is not every irregularity or omission that goes to the substance of a proceeding." The material of which the receiving basins are to be constructed is left to the discretion of the city engineer. His judgment or caprice is to determine the matter. The receiving basins form such important and material part of the sewer that we deem it to be of the substance of the whole work. But for them, one principal object and function of the sewer would be of no avail. We, therefore, feel constrained to hold the ordinance invalid and shall affirm the judgment. All concur.

## ON REHEARING.

GILL, J.—I. It will be observed that in the foregoing opinion we held the ordinance providing for the sewer invalid, because of its failure to designate of what material and how the manhole and receiving basins should be constructed. We deem this a proper exercise of the legislative function which the council could not delegate to the city engineer. Plaintiff's attorneys on this rehearing have urged that we are mistaken, and insist that when the entire petition is

considered it will appear that the common council in its legislative capacity definitely prescribed the material, etc., to be used in the construction of the inlets and manhole. To sustain the contention the following proceedings are pleaded and relied on : *First*, passage of the ordinance directing the improvement. In this it must be remembered the material, size, etc., of the receiving basins and manhole are not prescribed ; *second*, that the city engineer, in pursuance of his duty, under the ordinances, made plans and specifications for the entire work, sewer proper, manhole and inlets ; that he let the contract therefor subject to the approval of the council, and that such contract, including the plans and specifications, were submitted to and approved by the council. It is now claimed that this approval by the common council was equivalent to a direct prescribing of material in the first instance. In other words, the assent thus given by the common council to the contract made by the city engineer wherein the material, etc., are specifically set out is said to have cured the defect in the original ordinance providing for the improvement. This position is not tenable. The difficulty lies in the admitted fact that the ratification or approval of the acts of the engineer only comes in this case from the expressed assent of the common council *acting alone*, and not in conjunction with the mayor who is a part of the legislative power of the city. The sewer could only be provided for by *ordinance*, and no ordinance becomes complete until acted upon and approved by the mayor. R. S. 1879, secs. 4644, 4645. It is plain then that the first defective ordinance could only be cured by an *ordinance* passed by the council and approved by the mayor. A mere resolution of the council alone will not suffice. *Saxton v. Beach*, 50 Mo. 488 ; *Irvin v. Devors*, 65 Mo. 627.

II. Another question here arises ; it is this : Conceding the ordinance to be imperfect and defective in failing to name the materials for the construction of the

manhole and three catch basins, but holding, as we do, it to have been all-sufficient in so far as the sewer proper is concerned, is it proper to deny altogether plaintiff's right to recover ?  We think not.  Whatever may be the proper rule in other cases it would seem that plaintiff ought to be allowed in this particular instance to recover on these tax bills for the amount due in the construction of the main sewer.   The contract is distinctly severable ; its terms are :   "For twelve-inch sewer pipe, per lineal foot, $1.05 ; for fifteen-inch sewer pipe, per lineal foot, $1 ; for each receiving basin, complete, including pipe connections, the sum of $42, and each manhole complete, the sum of $40."

We have held now that the city engineer was unauthorized by the terms of the ordinance to let the contract for the construction of the one manhole and three receiving basins, but on the other hand held the ordinance perfect in so far as the sewer proper is concerned. Upon the state of the case here we must admit, too, that the sewer was constructed in full compliance with the contract, and it would seem entirely just that the plaintiff would recover on the tax bills, *less* the amounts charged for the unauthorized work, to-wit, the one manhole and three receiving basins.   This right for a partial recovery on a tax bill is fully recognized in matter of bills issued for grading streets, etc., where it is provided, "that nothing in this section shall be so construed as to prevent any defendant from pleading, in reduction of the bill, any mistake or error in the amount thereof, or that the work therein mentioned is not done in a good and workmanlike manner," etc. This is quoted from section 4783, Revised Statutes, 1879, and comes from the body of the same law for the government of cities of the second class where is found the authority for the issue of the tax bill here in suit.   It is definite recognition of the right of partial recovery on tax bills for grading streets, and, if such a right exists there, why not in case where the tax bills are for the

construction of district sewers? So the same just prin-
ciple is announced in *Neenan v. Smith*, 60 Mo. 292.
We quote from the syllabus of that case : "The fact
that some small amount of work or material may have
been apportioned and charged in the bill other than
that called for by the contract will not necessarily
invalidate the bill; but the additional amount so
assessed may, on proper showing, be deducted."

It follows, then, that the judgment herein must be
reversed, and the cause remanded.   All concur.