CITY OF ST. JOSEPH *ex rel.* OWEN DANAHER, Appellant, v. WILLIARD S. DILLON, Respondent.

Kansas City Court of Appeals, March 4, 1895.

1. Tax Bills: ILLEGAL ITEMS: INLETS. Where the cost of certain inlets to a sewer are illegal, but can be separated and deducted from the entire cost of the sewer, the tax bill for the balance constitutes a legal claim and can be enforced.

2. ———: DISTRICT SEWER: LOCATION: LIABILITY. Where a sewer is located one half on each side of the line dividing two districts, but the topography of the districts is such that it drains only one, save a small part of the street, the property in the district drained will be liable for the tax bills issued in payment of the sewer. However, the property of one district can not be taxed for the construction of a sewer in another district.

3. ———: ESTOPPEL. The property owner is not estopped from setting up an infirmity to a tax bill because the work was done with his knowledge and without his protest, unless at that time he knew of the manner invalidating the proceeding.

4. Tax Bill: SEWER CONNECTION: EVIDENCE. From the evidence in this case it does not appear whether the district sewer in question had the connections required by the statute and whether the tax bill is invalid by reason thereof.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

REVERSED AND REMANDED.

*W. Zech. Johnstone* and *Ben. R. Vineyard* for appellants.

(1) All of the proceedings relating to the construction of the sewer, the issue of the tax bills and the suit on the one involved in controversy in this case, have been in strict compliance with the provisions of the city charter. 1 R. S. 1889, p. 415, sec. 1429. (2) In suits like this, only substantial compliance with the law is required. *Sheehan v. Owen*, 82 Mo. 458; *St. Louis v. DeNoue*, 44 Mo. 139; *St. Joseph v. Anthony*, 30 Mo. 542; *Cole v. Shrainka*, 105 Mo. 309; s. c., 37 Mo. App. 420; *Steffen v. Fox*, 56 Mo. App. 9; R. S. 1889, sec. 1429; *Kiley v. St. Joseph*, 67 Mo. 491. (3) Including in the tax bills more than is properly due to the contractor will not invalidate the bills. *Neenan v. Smith*, 60 Mo. 192; *Bank v. Arvoldia*, 63 Mo. 229; *Bank v. Nelson*, 64 Mo. 418. (4) A liberal construction should be given, so as to cover all the items mentioned in the tax bill, including those usually done or incidental or necessary to the completion of the work required by the ordinance. *Farros v. St. Louis*, 80 Mo. 292; *Allen v. Rogers*, 20 Mo. App. 290; *Sheehan v. Owen, supra; Schenley v. Commonwealth*, 36 Pa. St. *loc. cit.* 60; *McNemora v. Estes*, 22 Iowa, 246, *loc. cit.* 225; *Powell v. St. Joseph*, 31 Mo. 347; *State v. Council of Elizabeth*, 30 N. J. L. 365; *Williams v. Detroit*, 2 Mich. 560, *loc. cit.* 576 *et seq*; *Steckert v. East Saginaw*, 22 Mich. 104, *loc. cit.* 113; *Dean v. Borchsenius*, 30 Wis. 244; 2 Dillon on Municipal Corporations [4 Ed.], sec. 797. (5) Of

course, this case will have to be reversed, in any event, for one hundred and seventy-five or one hundred and eighty feet of the sewer was constructed wholly within sewer district forty, in order that plaintiff may recover for the proportion of the bill sued on properly chargeable therefor. See authorities cited in division 3, *supra*. *Grading Co. v. Holden*, 107 Mo. 305; *Johnson v. Duer*, 116 Mo. 360; *Moore v. Albany*, 98 N. Y. 396; *Miller v. Anheuser*, 2 Mo. App. 168; *Pendergast v. Richards*, 2 Mo. App. 187.  (6) The fact that some lot owners in sewer district fifty-seven or elsewhere in the city, may have been benefited by the construction of the Isabelle street sewer, constitutes no defense to tax bill sued on in this case.  *Grading Co. v. Holden*, 107 Mo. 305; *Johnson v. Duer, supra.*  (7) Certainly there can be no objection to recovering for the cost of that part of the sewer which was wholly within district forty, which part comprises one hundred and eighty feet of the lower part of the sewer, and the north half of all that portion of said sewer, extending to the west of said one hundred and eighty feet.  (8) The defendant, Dillon, having stood by and seen this sewer being constructed, and the contractor expending his labor and means thereon from day to day, he is estopped from setting up the defense now sought to be interposed by him in this case.  *Sheehan v. Owens, supra; Collins v. Cowden*, 27 N. J. Eq. 294; 2 Dillon on Municipal Corporations [4 Ed.], sec. 924; *Ross. v. Stackhouse*, 16 N. E. Rep. 501; *State v. Morristown*, 34 N. J. L. 445; *State v. Patterson*, 40 N. J. L. 244; *Wright v. Tacoma*, 19 Pac. Rep. 42; *Richie v. Topeka*, 38 Kan. 386; *People v. Utica*, 65 Barb. 1; 2 Herman on Estoppel, secs. 1221, 1362; *Gibson v. Owen*, 115 Mo. 258-9; *Johnson v. Duer, supra; Steffen v. Fox*, 56 Mo. App. 9.

No brief for respondent.

ELLISON, J.—This action is based on a tax bill for the construction of a district sewer in district forty of the city of St. Joseph. A demurrer to plaintiff's evidence was sustained and he appeals.

The sewer was built under an ordinance of the city council and a contract with this plaintiff. The cost of construction must be paid by the property owners of district forty, if the construction has been in accordance with the law. It appears that the center of Isabelle street is the dividing line between sewer districts forty and fifty-seven; district forty lying north and district fifty-seven south of that line. The plan or system of sewers for the city of St. Joseph is what is known as the combined plan—the sewers being built for the double purpose of carrying off sewage and of drainage. For the latter purpose inlets are constructed at proper intervals along the sides of streets to receive the drainage or surface water. The sewer involved here was begun at a point, in district forty, near the curb on the north side of Isabelle street and ran diagonally for a distance of one hundred and seventy-five or one hundred and eighty feet, wholly within district forty, to the center line of Isabelle street. It ran thence on the center line of said street, seven hundred and forty feet, one half of its width being in district fifty-seven. There were also five inlets, wholly in district fifty-seven, on the south side of Isabelle street, connecting with this sewer. The work of construction was under the direction of the city engineer. The undisputed evidence was that the sewer was constructed, as stated, so that it would drain the south side of Isabelle street in district fifty-seven, as well as the north side in district forty, and that it did drain and receive the surface water from the south side of the street. It was also shown that the general surface of

district forty drained toward Isabelle street, and that of fifty-seven away from it, except the south half of the street; so that, with this exception, the sewer operated for drainage purposes altogether for the benefit of district forty. It was further shown that the cost of the construction of the five inlets constructed in district fifty-seven could be readily ascertained, separated and deducted from the entire cost of the sewer. If, therefore, in other respects the proceedings leading up to the issue of the tax bill are valid, it would be proper, under rulings heretofore made, in similar instances, to deduct the portion for which no legal claim can be made and enforce the balance. *City of St. Joseph ex rel. v. Wilshire*, 47 Mo. App. 125; *Johnson v. Duer*, 115 Mo. 377.

II.   As before stated, the sewer was constructed of sewer pipe, which was laid along the center line of Isabelle street, one half the width of the pipe thereby being placed outside of district forty and inside the limits of district fifty-seven. The pipe was put down on that line under the direction of the city engineer, his reason being that by so doing it avoided interfering with gas and water pipes. The topography of districts forty and fifty-seven were shown to be such that the sewer operates as drainage for district forty alone, except the small space of the south half of Isabelle street. It does not appear that the sewer was designed to operate for the use and benefit of district fifty-seven. Under the foregoing circumstances of fact appearing in the case, we are not inclined to allow the location of the sewer to invalidate the tax bill.

We must not be understood as intimating that property in one sewer district can be taxed for the purpose of constructing a sewer for another district, either in whole or in part.

Vol. 61 —21

III.   The question of estoppel has been raised in this case.   It was shown that the defendant knew the work was being done and did not object, but simply remained silent.   In our opinion, this will not constitute an estoppel.   An estoppel *in pais* must be based on knowledge.   To be now estopped from setting up an infirmity to these proceedings, or to the tax bill, there must have been knowledge of the existence of that which is now sought to be used against the proceedings.   There must not only be knowledge of the doing of the work, but knowledge of that which makes it unauthorized.   *Galbreath v. Newton*, 30 Mo. App. 394.   There must be knowledge at the time the work was being done of the thing which, later on, is invoked to avoid the tax, so that the court may say to him who asserts the invalidity: "You knew this when the work was in progress and failed to speak of it; since you did not speak when you should, you shall not speak when you would."   That the work was done is not, in cases like the present, the matter of complaint by the property owner.   He is not complaining of an injury by reason of the work, or in consequence of it.   He is complaining that a tax is sought to be enforced against his property, which is unwarranted by reason of certain matters which render it illegal.   He must have knowledge of such invalidating matter before he can be required to break silence in regard to it.

IV.   We gather from the record that the validity of the tax bill in suit is denied on account of the alleged fact that the sewer does not connect with a public sewer, or other district sewer, or with the natural course of drainage, as it is required by the charter that district sewers shall be.   There were no declarations of law given by the court or asked by either party.   We are, therefore, not advised upon which branch of the defense the court founded its judgment.

For ourselves, we are unable to say from the record whether the tax bill is invalid by reason of the sewer not having such connection as is required by the charter. The principle governing this branch of the case will be found in *Bayha v. Taylor*, 36 Mo. App. 427; the charters of Kansas City and St. Joseph, in this respect, being alike. In the light of that case, there should be no difficulty in determining whether the connection for this sewer is such as it is there determined it must be.

The judgment is reversed and the cause remanded. All concur.