CITY OF BOONVILLE ex rel. JOHN COSGROVE, Appellant, v. JOHN F. ROGERS, Respondent

Kansas City Court of Appeals, April 1, 1907.

1. TAXBILLS: Error in Amount: Validity. The fact that some small amount of work and material may have been apportioned and charged in the taxbill other than that called for in the contract will not necessarily invalidate the bill; but the additional amount so assessed may, on proper showing, be deducted.

2. ———: Estimate: Contract: Excess. An ordinance required the contractor to pay certain costs before any taxbills would be issued. This cost was added to the bid and the contract price and apportioned to the property-owners. *Held*, that this additional charge did not change the contract price, since the contractor's bid was independent of this necessary expense, and no liability was imposed on the property-owner in excess of the amount specified in the bid.

3. ———: ———.  An estimate for public improvement by an engineer that the cost of the improvement will not exceed three hundred dollars is not an estimate within the meaning of the statute.

Appeal from Cooper Circuit Court.—*Hon. Samuel Davis,* Special Judge.

AFFIRMED.

*John Montgomery, Jr., John* and *J. W. Cosgrove* for appellant.

(1)  The first defense relied upon is not tenable. Where a taxbill is issued for an amount, a part of which is legal, and a part illegal, it can be enforced for the legal or just amount. St. Joseph ex rel. v. Wilshire, 47 Mo. App. 125; Neenan v. Smith, 60 Mo. 292; Bank v. Arnoldia, 63 Mo. 229; Bank v. Nelson, 64 Mo. 418; Farrar v. St. Louis, 80 Mo. 393; St. Joseph v. Denahar, 61 Mo. App. 317; Marionville ex rel. v. Henson, 65 Mo. App. 405; Johnson v. Duer, 115 Mo. 379; Overall v. Ruenzi, 67 Mo. 207; Dickhaus v. Olderheide, 22 Mo. App. 79.

*W. F. Johnson* for respondent.

(1)  It has always been the law of this State that the trial issues must be within the paper issues. Fulkerson v. Thornton, 68 Mo. 468; Kenney v. Railroad, 70 Mo. 252; Melvin v. Railroad, 89 Mo. App. 318; Whitlock v. Appleby, 49 Mo. App. 295.  (2)  The city cannot enter into a contract for a district sewer in excess of the engineer's estimate. A contract in excess of such estimate is *ab initio* null and void, for a city is without jurisdiction to so contract. No recovery can be had on taxbills issued thereon, in whole or in part. DeSoto v. Shoeman, 100 Mo. App. 326; R. S. 1899, Clause 8, section 5858; Kirksville v. Coleman, 103 Mo. App. 220. (3)  It is not claimed that the contract is ambiguous, but if it were the interpretation of the parties would control. St. Louis v. Gas Light Co., 155 Mo. 1; Woolen

Co. v. Wollman, 87 Mo. App. 658; Craig v. Sight, 91 Mo. App. 242; Laing v. Holmes, 98 Mo. App. 231. (4) The city had no jurisdiction to contract in excess of the estimate. (5) Plaintiff offered to knock off only $16.91 for "incidental expenses." The contractor had received, and he, or his assignee, had collected all the other tax-bills, amounting to $313.28. He now asks judgment for a further sum of $51.46—making a total asked by him of $364.74, in fulfillment of a contract he claims to be for $288. (6) The city engineer, or other proper officer, must first file an estimate as a condition precedent before the city can enter into a contract. A failure to file such an estimate renders the contract null and void, and the taxbill issued thereon invalid. R. S. 1899, clause 8, sec. 5858; DeSoto v. Showman, 100 Mo. App. 323; Independence v. Briggs, 58 Mo. App. 241; Marshall v. Rainy, 78 Mo. App. 323; Wheeler v. Poplar Bluff, 149 Mo. 36; Hill v. Springley, 159 Mo. 48.

BROADDUS, P. J.—This suit is upon a special taxbill issued by the city of Boonville to Thomas Hogan for building a district sewer. John Cosgrove, to whose use the suit is brought, is the assignee and owner of the taxbill.

The petition alleges substantially, omitting the usual and formal parts, that there had been legally established in said city, a city of the third class, a general sewer system, and sets out the passage of various ordinances establishing sewer district No. 11, the passage of a resolution declaring it necessary to construct the sewer in said district for sanitary purposes, the necessary publication after an estimate of the cost of building the sewer, which was duly approved and adopted by the city council, the advertising for bids, the awarding of the contract for construction to Thomas Hogan, the lowest bidder, the making of the contract, the acceptance of the work by the city, the passage of an ordinance assessing the tax against each piece of property subject

to tax for construction, and the issuing of the taxbill in question, its delivery to the contractor, and its assignment to John Cosgrove. The petition alleged the amount of the taxbill issued against defendant's property to be $68.37 and that the contract price with Hogan for the whole cost of the work was $381.65.

The answer admits that the city entered into a contract with Hogan to do the work for the sum of $381.65, he being the lowest bidder, and that the proportionate cost of construction levied against defendant's lot was $68.37; but denies the legal authority of the city to enter into the contract and alleges that the contract and taxbill are void for several reasons: First, that the only estimate of costs filed with the city council was "not to exceed three hundred dollars" and that the city entered into a contract with Hogan in excess of that estimate, viz., for the sum of $381.65. And, "That Samuel W. Ravenel was not an officer of the city and had no legal authority to file the estimate of costs, and that no estimate was filed 'by the city engineer or other proper officer.' "

The following admission was made by defendant: "It is admitted that the city of Boonville regularly adopted an ordinance establishing a general sewer system in the city of Boonville and also regularly adopted an ordinance establishing sewer district No. 11, and also an ordinance directing the building of a sewer in sewer district No. 11; that a proper resolution was adopted by the council for the doing of the work to construct the sewer in district No. 11, and afterwards an advertisement was inserted for bids for doing of the work under the ordinance aforesaid, for the building of a sewer in district No. 11, under and in accordance with the specifications which had been previously adopted by the council, and under ordinances of the city, and also that after the work of constructing the sewer was completed

125 App—10

an ordinance was duly enacted by the city council accepting the work and issuing taxbills. Nothing herein shall be considered as an admission that the taxbills were valid or that the council had any authority to assess and issue the same under said ordinances, publication or contract." It was further admitted that Samuel W. Ravenel was appointed city engineer by the mayor of the city in 1896 and gave the required bond, but there is no record that he ever took the oath of office. It was shown that he has continuously exercised the duties of his office since his appointment, at which time he was a resident of Boonville, but that since 1897 he has resided in Howard county, Missouri.

The plaintiff offered the bid of Hogan for the contract at and for the price of two hundred and eighty-eight dollars. Defendant objected to it because the petition alleged that the contract was awarded to him at the price of $381.65, and that the answer so admitted, and the further objection that the bid had nothing to do with the contract price. The objections were overruled and paper read.

Plaintiff then offered in evidence the contract for the work for the sum of two hundred and eighty-eight dollars. Defendant objected for the reason first specified in his objection to the admission of the bid for the work. The objection was overruled and the contract read as evidence.

Plaintiff next offered in evidence the disbursements of incidental expenses incurred by the city in sewer district No. 11 as follows:

| | |
|---|---:|
| Paid help, | $13.10 |
| Paid for material, | 1.15 |
| Paid for advertising, | 10.00 |
| Paid for stakes, | 75 |
| Paid Ravenel, services and instruments, | 68.65 |
| Total, | $93.65 |

Then plaintiff asked and was granted leave to amend his petition by alleging that the cost price of the sewer was two hundred and eighty-eight dollars instead of three hundred and eighty-one dollars, as originally alleged, and that the amount due from defendant on the taxbill for his proportional share of the cost of construction was $51.46 instead of $68.37.

It was admitted that all the taxbills issued for the work had been paid except the one in controversy and that the total amount paid by the other property-owners was $313.28. Hogan, the contractor, testified that he paid the city $93.65, the cost of engineering, etc., before it made out and delivered to him the taxbills. Other facts will be disclosed in the progress of the opinion.

The plaintiff asked the court to declare the law as follows: "Although the court shall believe from the admission of the parties, and the evidence, that there is included in the taxbill sued on a part of the expenses incurred by the city of Boonville for advertising, engineering, etc., in and about the building of said sewer . . . this does not make the taxbill void for the *pro rata* cost of labor and material used in building said sewer . . . and the plaintiff is entitled to recover for the sum of $51.46 with interest, etc."

If the court shall further believe from the evidence that said sum of $51.46 is the exact proportion of the costs and labor and materials expended in building said sewer . . . chargeable against defendant's lot, in proportion to the area said lot bears to the area of the whole of said district exclusive of public highways and improvements, then the finding and judgment should be for the plaintiff." The court refused both declarations and rendered judgment for the defendant, from which plaintiff appealed.

One of the questions presented for our consideration is, was the taxbill void because it included the services and expenses of the engineer in superintending the

construction of the sewer? In St. Joseph ex rel. v. Wilshire, 47 Mo. App. 125, a case where a sewer ordinance prescribed the material for the sewer, but failed to prescribe the material for the basin, etc., and the contract showed separate prices for the sewer and the basin, the court held that the ordinance was valid as to the sewer, but void as to the basins, but that a recovery could be had on the taxbills issued thereunder for the balance after deducting the cost of the unauthorized work. "The fact that some small amount of work or material may have been apportioned and charged in the bill other than that called for in the contract will not necessarily invalidate the bill; but the additional amount so assessed may, on proper showing, be deducted." [Neenan v. Smith, 60 Mo. 292.] And the holding is similar in Bank v. Arnoldia, 63 Mo. 229; Farrar v. St. Louis, 80 Mo. 379; St. Joseph v. Dillon, 61 Mo. App. 317.

The defendant, however, insists the taxbill was void for the reason that the contract price for the work was not $288 but for $381.65, in excess of the estimate $93.65. The contract provides that it is made subject to the conditions and stipulations in a certain ordinance, which required that before any taxbill shall be issued by the city the contractor "shall first pay all necessary costs for advertising, printing, making survey of sewer route, plans, specifications and profile, and for superintending and engineering on the part of the city," etc. Hogan, the contractor, stated that he paid the city $93.65, the expenses of the city in that respect. It is contended that the expressed consideration in the contract of two hundred and eighty-eight dollars was not the entire consideration for the performance of the work by the contractor, but that under an ordinance of the city he was required before a taxbill should be issued to him to pay said expenses of the city, which added to said sum would make a total of $381.65, $81.65 in ex-

cess of the estimate. But we do not believe that as a matter of law this contention is well founded. Although the contractor claimed that the amount of the city's expenses should be apportioned against the property subject to the costs of the improvement, under his contract he was not entitled to have it so taxed. His bid was independent of all the necessary expenses of doing the work including the said expense of the city. And no liability was imposed upon the property-owners in excess of the amount specified in the bid.

It is insisted, however, that the so-called estimate of the engineer was not such as the law required. The eighth paragraph of section 5858, Revised Statutes 1899, provides as follows: "Before the council shall make any contract for building bridges, sidewalks, culverts, or sewers . . . an estimate of the cost thereof shall be made by the city engineer or other proper officer and submitted to the council, and no contract shall be entered into for any such work or improvement for a price exceeding such estimate." The statute makes the estimate a matter of prime importance and forbids the council from making such improvements without having such estimates, and from contracting in excess of the amounts estimated. The word "estimate" imports a variety of meanings, but in the sense in which it is used in the statute, it is agreed that it does not mean an accurate statement of the cost of such work but an approximation of such costs. It was the intention of the lawmakers to protect the rights of the property-owner, who has no voice in the making of such contracts, for which his property is taxed, from the ignorance or inexperience of the ordinary councilman in such matters and from the cupidity of contractors, and in furtherance of that intention has required, before any contract for improvements of the kind shall be made, an estimate of an engineer or other proper officer of skill with special knowledge of such matters and who are thereby

enabled to give information approaching accuracy. An engineer is supposed to know, in the construction of a sewer, how much earth is to be excavated, how much material it will take to construct the sewer itself, how much dirt will have to be returned to the excavation and all the minute details of the work; and by means of his knowledge and experience he is enabled to judge the probable costs of performing the work and the costs of the material to be used. These are matters of which the ordinary person has little or no knowledge.

In view of such suggestion, it is very apparent that the estimate in question is not such as the statute contemplated. To merely say that the costs of making a given improvement will not exceed three hundred dollars affords little information to a city council in letting a contract for its construction. It does not amount to an approximation of the cost of construction, only a limit to the cost. The law requires the best results of the engineer's knowledge and skill.

It is not necessary in view of what has been said to pass upon other questions raised on the appeal. Affirmed. All concur.