[No. 3805.]

## ELI MAYO v. WILLIAM M. HAYNIE.

REPEAL OF ACT.—The forty-fifth section of the Revenue Act of 1861, relating to the effect of a deed of land sold for taxes, has not been repealed.

DEED OF LAND GIVEN ON TAX SALE. — A deed of land executed by an officer under a sale made on a judgment enforcing a lien for a tax, cannot be held to have an effect which the statute under which the judgment was rendered says it shall not have. Such deed is not, therefore, conclusive evidence of title against one who paid the tax and was not a party to the judgment.

EFFECT OF DEED OF LAND GIVEN ON TAX SALE.—A judgment in an action *in rem* to enforce a lien on land for a tax, cannot be held to enlarge the operation of the deed given by a sheriff under a sale on the judgment,

beyond the limitations of the statute by force of which the judgment was rendered.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

Ejectment to recover a piece of land described as "ten acres of land lying on the east side of Thirty-first (31st) street, Sacramento city, and bounded on the north by the south line of D street of said city, if continued, south by the continuation of the north line of E street of said city, west by said Thirty-first (31st) street, and east by a line parallel with, and one thousand and thirty-three (1033) feet distant from, said Thirty-first (31st) street."

J. M. Wimmer was, on the 1st day of March, 1867, the owner of said land, and remained such owner until the 16th day of the same month, when he sold and conveyed it to Frederick Klotz, who remained the owner and in possession thereof until the 5th day of March, 1868, when he sold and conveyed it to the defendant Haynie. The land was assessed to J. M. Wimmer for the fiscal year 1867, and also to said Klotz. The statute required the assessment to be made between the first Monday in March and the first Monday in August. It did not appear which assessment was first made. The lien of the tax, by the statute, attached on the first Monday in March. On the 9th day of November, 1867, Klotz paid the tax against him. The statute at that time required actions to be brought to enforce the lien of the tax. On the 7th day of January, 1868, J. C. Goods, the District Attorney of the county of Sacramento, commenced an action against J. M. Wimmer, Doe G., 5127, John Doe, Richard Roe, and the said land, to enforce a lien on the same for the tax of 1867. A summons was issued, which was served by posting the same in the court-house, and by publishing for eight weeks in a daily paper at Sacramento a notice stating that the complaint in said cause had been filed, and that said summons was issued thereon out of the above-named court, and containing a description of the property described in said summons, and stating and briefly denoting by figures the

amount of tax, and the year of its assessment set forth in said summons, and notifying all owners and claimants of any right, title or interest in the property described in said summons, to appear in said court, in the city of Sacramento, in said State and county, within eight weeks from the date aforesaid, and answer the complaint filed in said cause against said property, or that judgment would be rendered against said property for the sale thereof, and for the relief prayed in said complaint.

A default was entered at the proper time, and the case was referred to the court commissioner, who reported a judgment, which was entered against the defendants named in the complaint, enforcing the lien for the tax. The judgment recited that "all owners and claimants of the property above described have been duly summoned to answer the complaint herein, and have made default in that behalf." An order of sale was issued on the judgment, by virtue of which the sheriff sold the property. The plaintiff, Mayo, became the purchaser, and received a sheriff's deed on the 16th day of March, 1869. The plaintiff, on the trial, relied on this judgment, sale, and sheriff's deed, to recover. The defendant proved the double assessment, and the payment by Klotz of the tax assessed on the property to him as owner, and that neither he nor Klotz were parties to the action enforcing the lien of the tax. The court below rendered judgment in favor of the defendant, and the plaintiff appealed.

The other facts are stated in the dissenting opinion.

*P. Dunlap,* for the Appellant, argued that the forty-fifth section of the Revenue Act of 1861 was repealed by the subsequent legislation, and that the judgment in the tax suit was conclusive and could not be impeached, and cited *Reeve* v. *Kennedy,* 43 Cal. 643, and *Jones* v. *Gillis,* 45 Cal. 541, and *Stokes* v. *Geddes,* 46 Cal. 17.

*Beatty & Denson,* for the Respondent.

The statute (Hittell's Digest, 6194) makes a deed derived under a regular tax sale "conclusive evidence of title,

except against actual frauds or prepayment of the taxes by one not a party to the action." That statute must mean, if it means anything, that such a deed shall not be evidence of title against one who is not a party to the proceeding, and has paid the taxes before the suit was brought. That is this case. Klotz paid the taxes on this particular piece of land in November, 1867.

Section one of the act of 1862 provides for a proceeding *in rem* "in any action authorized by any law of this State to collect or enforce payment of any tax," etc. But it is only when there is a tax due, or at least apparently due, that such proceeding may be had.

By the Court, McKINSTRY, J.:

The forty-fifth section of the Revenue Act of 1861 has never been directly repealed, nor do I think that it is repealed by necessary implication. There is no other provision in the original statute or in the amendments which defines the effect of a tax deed. It is not necessary to express an opinion whether a tax deed can be made conclusive evidence against anybody. The deed cannot be held to have an effect and operation which the law says it shall not have; cannot be held conclusive to establish title in a plaintiff against one not a party to the action brought to condemn the land, who has actually paid the tax. Nor can the judgment in the action *in rem* be held to enlarge the operation of the deed beyond the limitations of the statute, because the statute gives no such effect to the judgment. It cannot be contended that the plaintiff could have recovered in the present action, without introducing the deed; having introduced the deed, he can claim for it no greater effect than the law confers upon it.

Judgment and order affirmed.

Mr. Justice CROCKETT delivered the following dissenting opinion, in which Mr. Justice RHODES concurred:

Section forty-five of the Revenue Act of May 17, 1861, in defining the effect of a tax deed, provides that "any deed derived from a sale of real property under this act shall be

conclusive evidence of title, except as against actual frauds or prepayment of the taxes by one not a party to the action or judgment in or upon which such sale was made." The act apparently contemplated that in an action to enforce the lien on real estate for delinquent taxes, the owner or person to whom the land was assessed, should be named as a defendant in the complaint, or at least served with process in the action. Hence, the provision in section forty-five that the tax deed should not be conclusive as against one not a party to the action who had prepaid the tax. It evidently contemplated that there might be cases in which a person who had paid the tax would not be a party to the action, and therefore would not be bound by the judgment. But by the amendment of May 12, 1862 (Stat. 1862, 520), it was provided that an action to enforce the lien of the tax might be prosecuted *in rem* against the real estate alone; "and such action may, at the option of the district attorney, also proceed against any and all persons or corporations who are under obligations to pay the tax or taxes." It was also provided that the "summons need not name any particular defendant, but may be directed to all owners of the property described" in the summons. Provision is then made for service by publication and posting of notice; and section five provides that as against the real estate and "each and every person and corporation claiming or having any right, title or interest, either legal or equitable, in any of the property described in the summons," the posting and publication of notice shall "be equivalent to a personal service of summons upon each and every such person and corporation, and shall bind the interest of every owner and claimant thereof, whether such owner or claimant is named as a party to such action or not." Section six provides that after the publication and posting, whether an answer be filed or not, the court "shall have the same jurisdiction, and the judgment and decree of the court shall have the same effect, as if every owner and every claimant of any right, title or interest, either legal or equitable, in any part of the real estate or improvements described in the summons, had been made defendant in such action, and duly

and personally summoned to appear and answer the complaint." By the first section of the amendatory act of April 4, 1864 (Statutes 1863–4, 399), it is provided that a recital in the judgment or decree "that all owners and claimants of the property have been duly summoned to answer the complaint, and have made default, shall be proof of these facts." These stringent provisions leave no room for doubt that the action might be strictly a proceeding *in rem* against the property. It was for the Legislature to determine the method of giving notice to owners and claimants of the pending of the action; and if hardships shall result from the inadequate method employed, the fault is in the statute. It is equally clear that these provisions of the amendatory acts are inconsistent with section forty-five of the act of 1861, and by necessary implication repeal it. In this case, the action to enforce the lien was in due form, and it has not been suggested that there was any irregularity in the posting or publication of notice. The decree recites that all owners and claimants had been duly served, and had made default; and one of the points determined by the judgment was that the tax was due and unpaid. Under the provisions of the statute above quoted, the defendant must be deemed to have had notice of the action, and to have made default. Whatever defense he might have made, is concluded by the judgment. The plaintiff was a purchaser in good faith and for a valuable consideration, and the proceedings in the tax suit were regular on their face.

I think the case comes within the principles settled in *Eitel* v. *Foote,* 39 Cal. 440; *Truman* v. *Robinson,* 44 Cal. 623; *Jones* v. *Gillis,* 45 Cal. 541; *Reeve* v. *Kennedy,* 43 Cal. 643; *Stokes* v. *Geddes,* 46 Cal. 17.

I therefore dissent from the opinion of the majority of the Court.