B. MANSFIELD

v.

THE PEOPLE ex rel. Wells, County Treasurer.

*Filed at Ottawa January 19, 1897.*

SPECIAL TAXATION—*ordinance for construction of sidewalk must be certain and definite.* An ordinance providing that a sidewalk shall be "not less than" a certain width, and constructed "of brick" of certain dimensions "*or paving tile,*" is fatally defective for uncertainty, under section 2 of the Sidewalk act, (Laws of 1875, p. 63,) and a judgment confirming a special tax based thereon cannot be sustained.

APPEAL from the County Court of DeKalb county; the Hon. C. A. BISHOP, Judge, presiding.

ALSCHULER & MURPHY, for appellant.

CARNES & DUNTON, and C. G. FAXON, for appellee:

The special taxation statute in question provides that the ordinance shall prescribe the width of the sidewalk, the materials of which it shall be constructed and the manner of its construction. The reason for the requirement is, that an intelligent estimate of the cost of the improvement can be made by the commissioners. *Springfield* v. *Mathus*, 124 Ill. 94.

A substantial compliance with the statute is all that is required. *Kankakee* v. *Potter*, 119 Ill. 324.

An ordinance is not fatally defective in not specifying the material of which the foundation is to consist. *Railway Co.* v. *Jacksonville*, 114 Ill. 562.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a judgment rendered in the court below against lands of appellant for a delinquent special tax levied by the city of Sandwich for the construction of a sidewalk. The ordinance providing for the construction of the walk was passed by the city council under the provisions of the Sidewalk act. (Starr & Curtis,

chap. 24, pars. 305, 306.) Upon the hearing, among other things, it was contended that the ordinance failed to state the width of the sidewalk, or to prescribe the material of which it should be constructed or the manner of its construction, as required by the statute.

Paragraph 306 of the above chapter provides that the ordinance authorizing the sidewalk shall define its location with reasonable certainty, "shall prescribe its width, the materials of which it shall be constructed and the manner of its construction." The only attempt to comply with this requirement by the ordinance in question is found in the second section, as follows:

"Sec. 2. All of said sidewalks mentioned and described in section 1 of this ordinance shall be not less than four feet six inches in width, and shall be constructed of brick of ordinary size, eight inches long, four inches wide and two inches in thickness, or paving tile of at least two inches in thickness and eight inches square, and the necessary triangular half-brick, laid flat upon a bed of sand prepared for the same, except at points used for driveways, where hard-burnt brick eight inches long, four inches wide and two inches thick shall be used, and same set edgewise upon such prepared bed."

First, does the above section prescribe the width of the walk? The language is, "not less than four feet six inches in width," which simply means, in common acceptation, that it shall be at least that wide, but in no proper sense *prescribes* its width. To give it any other meaning would be to do violence to the express words used. Counsel for the People treat it as expressing the intention that the width shall be four feet six inches, and have cited in support of their contention cases in which the sufficiency of ordinances authorizing special assessments was the subject of discussion before the court, and the question was whether the ordinances sufficiently specified the nature, character, locality and description of the work. All that is held in those cases is, that no

more than a substantial compliance with the statute is necessary. We are unable to see how it can be seriously contended that to describe a walk as *"not less"* or *"not more than"* so many feet wide is a substantial compliance with the statute which requires the ordinance to *prescribe* the width of a sidewalk. Any words or language from which a description of an improvement can be definitely gathered is a sufficient specification of the nature, character, locality and description of the work; but this statute in express terms requires the ordinance to *"prescribe"* the width,—that is to say, under Webster's definition of the word "prescribe," "to lay down authoritatively as a guide, direction or rule; to impose as a peremptory order; to dictate; to point; to direct" the width,—whereas the language of this ordinance does no more than to say it shall be not less than a certain width, leaving the city in making its contract for the construction of the work, or the contractor, to make it any greater width, if it or he chooses to do so. We regard the ordinance as fatally defective in failing to prescribe the width of the sidewalk, as required by the statute.

The ordinance is subject to the further objection that it does not sufficiently describe the material of which the work should be constructed. It was to be built of brick of given dimensions *or* of paving tile, etc. The intention of the statute manifestly is, that the city council shall definitely determine the width of and material to be used in constructing such an improvement, and so prescribe in the ordinance that no uncertainty as to these matters shall remain when the work is performed. These provisions may be readily complied with, and are but reasonable protections to property holders who may be assessed to pay for the improvement.

We think the court below erred in its judgment confirming the assessment, and it will accordingly be reversed.

*Judgment reversed.*