THE PEOPLE *ex rel.* Raymond, County Collector,

*v.*

ROBERT E. HILLS.

*Opinion filed December 18, 1901.*

1. SIDEWALKS—*failure of ordinance to prescribe the width of walk is a fatal defect.* Failure to prescribe the width of the walk is a fatal defect in an ordinance passed under the Sidewalk act of 1875, providing for the construction of sidewalks by special taxation.

2. SAME—*when an ordinance does not prescribe the width of walk.* A sidewalk ordinance passed under the act of 1875, which provides that "the space for the sidewalk shall be excavated to the proper depth and width," does not thereby prescribe the width of the walk, nor does it, by the use of the word "proper," so refer to the width prescribed by a prior general ordinance as to make such general ordinance, by reference, a part of the one in question.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

GEORGE W. WOODBURY, for appellant.

HENRY R. PEBBLES, and WILLIAM J. DONLIN, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was an application by the appellant treasurer and *ex officio* collector of Cook county for a judgment and order of sale against certain lots belonging to the appellee in the village of Berwyn, in said county, for alleged delinquent special tax levied under and by virtue of an ordinance of said village of Berwyn providing for the

construction of a cement sidewalk along and upon the street in front of said lots, to be paid for by a special tax in proportion to the frontage of said lots.

It was objected that the ordinance does not describe the width of the proposed sidewalk. The statute authorizing the construction of sidewalks to be paid for by a special tax to be levied on abutting property in proportion to its frontage, expressly directs that the ordinance providing for such improvement shall "prescribe" the width of the walk. (Sec. 2 of the act entitled "An act to provide additional means for the construction of sidewalks in cities, towns and villages," in force July 1, 1875; Hurd's Stat. 1899, p. 320.) A failure to "prescribe" the width of the walk is a fatal defect in an ordinance under this statute. *Mansfield* v. *People*, 164 Ill. 611.

It is conceded the ordinance in question does not, in express terms, "prescribe" the width of the proposed walk. The second section of the ordinance provides as follows: "Said sidewalk shall be constructed under the supervision of the inspector of sidewalks of said town, and subject to his approval, as follows: The space for the sidewalk shall be excavated to the proper depth and width, and the material from the excavation deposited on lots abutting, adjoining the sidewalk, if the property owners so desire, and if not, shall be removed from the street," etc. This ordinance was passed June 21, 1900. On September 11, 1899, the village of Berwyn adopted an ordinance entitled "An ordinance concerning sidewalks," the first section whereof reads as follows: "That from and after September 11, A. D. 1899, all sidewalks laid on the streets [of Berwyn] in front of, [here follow descriptions of different lots and blocks in the village, including the lots owned by appellee and here involved,] shall be in accordance with the following specifications, provided that a different width or location may be authorized by resolution or ordinance in particular cases, in order to conform to local conditions: *Width and location*—The side-

walks shall be five feet four inches (5' 4") in width, except in front of business property, where they shall extend to the curb line. The said walks shall be constructed in the streets, the inside line of the walk being parallel with and one (1) foot distant from the street line; but where a cement walk has been constructed for part of any block in said described territory prior to September 11, A. D. 1899, then the walk for the remainder of any such block shall conform in width and location to that previously constructed."

The appellant contended in the county court that the width of the sidewalk to be constructed under the ordinance of June 21, 1900, must, of necessity, be of the same width as the space directed by the second section of that ordinance to be excavated for the walk, and upon that assumption based the further contention that the provisions of said section 2 of the said ordinance of June 21, 1900, that the space for the sidewalk shall be excavated to the "proper" width, must be understood to fix the width of the walk as the width fixed in the general ordinance relating to walks adopted September 11, 1899. The word "proper," used in section 2 of the later ordinance, it was insisted, could only be interpreted to mean a sidewalk of the width called for by the specification of the prior general ordinance. The appellant therefore offered in evidence in the county court the ordinance of September 11, 1899, for the purpose, as was insisted, of proving that a uniform and "proper" width of the walks of the village had thereby been established. He contended the prior ordinance should thus, by reference, be read into the later one. The county court did not accept this view, declined to admit the ordinance of September 11, 1899, in evidence, and denied the application for judgment and order of sale. This appeal challenges the correctness of this ruling.

We agree with the conclusion reached by the county court. It does not follow that a cement sidewalk must necessarily be of the same width as the excavation made

for the foundation therefor; nor, if the width of such excavation and of the cement walk should, of necessity, be the same, still the use of the word "proper" does not, within itself, "prescribe" the width of the walk; nor does it so refer to the width prescribed by the general ordinance of September 11, 1899, as to make such general ordinance, by reference, a part of the ordinance specially providing for the walk in question. We have held an ordinance providing for paving a street by special assessment may, in describing the improvement, adopt as a standard of measurement "the established grade of the street" or "city datum," and another ordinance so establishing the grade or city datum may be produced in evidence as being, by reference, a part of the ordinance providing for the improvement. (*Claflin* v. *City of Chicago*, 178 Ill. 549.) A city is authorized to establish the grade of its streets, or a "city datum," independently of any improvement. When that is done, the grade or datum so established may be adopted by the city and referred to in an ordinance for the construction of improvements. Requirements in an ordinance providing for the improvement of streets, that the improvement should conform to the established grade of the street or the city datum, or that the street be paved to the established grade of the street, etc., have been deemed to sufficiently refer to the grade or datum as established by a general ordinance adopted for that purpose. The function of such general ordinance is to fix and establish such "grade" or "datum," and the reference in other ordinances to an "established grade" or to the "city datum" must of necessity be held to refer to the general ordinance. But it cannot be said that the provision in the ordinance at bar that the "space for the sidewalk shall be excavated to the proper depth and width" should be accepted as "prescribing" the width of the walk to be constructed under it. The width of the excavation and that of the cement walk may not necessarily be the same, and the word "proper," even if it

had been used in the ordinance in direct connection with the width of the walk, could not, under this statute, be deemed to "prescribe" that the width of the walk should be that prescribed by the prior ordinance. The word "proper" does not operate to make the prior ordinance a part, as it were, of the later ordinance.

The objection the ordinance in question does not "prescribe" the width of the sidewalk was well taken.

The judgment is affirmed.          *Judgment affirmed.*