Ramsey v. Field.

---

JEREMIAH W. RAMSEY, Appellant, v. ANNIE CAMP FIELD et vir, Respondents.

Kansas City Court of Appeals, January 8, 1906.

1. **MUNICIPAL CORPORATIONS:** Ordinance: Sidewalk: Legislative Function. An ordinance prescribing that the width of a sidewalk shall not be less than five feet, can only authorize the contracting officer to accept bids for that width and not for a greater width; and cannot authorize such officer to let the work at a greater dimension without assuming a legislative function which cannot be delegated to him.

2. ——: ——: ——: ——: **Location.** An ordinance authorizing the construction of a sidewalk permitted the outer edge to be on the curb line, which was eleven feet from the property line, although the walk was but five feet wide. *Held,* it left the city engineer to say where the walk should be located within the eleven feet and was therefore a delegation of the legislative function; or, otherwise, it is too indefinite to fix the location.

3. ——: ——: ——: ——: ——: **Other Walks.** The fact that other walks authorized by the same ordinance were placed on the curb line and the walk in question was so placed to conform to them, cannot aid the ordinance, but is a mere attempt to validate the ordinance by showing what was done under it.

4. ——: ——: ——: **Rejection of Part.** An invalid section of an ordinance may be rejected and the remainder stand if there be enough left to constitute complete authority for the construction of an improvement; but the rule has no application to the ordinance under judgment.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

AFFIRMED.

*William E. Smith* for appellant.

(1) Where an ordinance recites that the sidewalk shall not be less than five feet . . . and the proof shows that it was laid exactly five feet, there is no delegation of authority, nor is the ordinance indefinite and uncertain. Shehan v. Gleeson, 46 Mo. 100; Railway v. Jacksonville, 114 Ill. 562. (2) The width of the sidewalk shall not be less than five feet, laid so the outer edge shall be as directed by the city engineer, taken as a whole is not a delegation of authority to the city engineer under the facts in this case, neither is it indefinite and uncertain, when construed with section 1 of ordinance 10239. Or, this portion, if objectional, might be separated from the rest of the ordinance and the balance would be sufficient. Williams v. Bergain, 116 Cal. 59.

*Gage, Ladd & Small* and *R. H. Field* for respondents.

(1) The city charter required the common council to prescribe, by ordinance, the "dimensions" and the "extent" of a sidewalk. Mansfield v. The People, 164 Ills. 611; The People v. Hills, 193 id. 281; Construction Co. v. Loevy, 64 Mo. App. 430-434; Haegele v. Mallinckrodt, 46 Mo. 577; McConnell v. City of Bristol, 89 Va. 652, 663, 668, 670; Hydes, et al. Assignee v. Joyes, 4 Bush (Ky.) 464; Thompson v. Schemerhorn, 9 Barb. (N. Y.) 153-156; (Same case affirmed on appeal. 6 N. Y. 92); Wetmore v. Chicago, 206 Ills. 367. (2) The same section of the city charter required the common council to "regulate" by ordinance, the "manner" of constructing said sidewalks. This provision of the city charter makes void the special taxbills, because the common council did not prescribe how or where the outer edge of this sidewalk was to be laid; and, by section 3 of ordinance No. 10239, expressly delegated this prerogative to the city engineer. McChesney v. Chicago, 171 Ills. 253; Wetmore v. Chicago, 206 id. 367; County of DeWitt v. City of Clinton, 194 id. 521; Haegele v. Mallinckrodt, 46 Mo. 577. (3) Section 3 of city ordinance No. 10239, authorized the city engineer to contract for and construct a sidewalk five feet wide, or one eleven feet wide, or a sidewalk of any width more than five feet, on the eleven feet of space between the curb and line of the abutting lots. Thus, the city engineer was vested with the discretion to make this sidewalk of one cost or another, to the owner of the abutting lands, as he might see fit; and for this reason, the whole ordinance was made void. Wetmore v. Chicago, 206 Ills. 367; Bradford v. Pontiac, 165 id. 612; Chase v. Sheerer, 136 Calif. 248.

ELLISON, J.—This action was instituted to recover the amount of three special taxbills issued for the

construction of a sidewalk in front of defendant's property on Baltimore avenue in Kansas City. The judgment in the trial court was for the defendant. In his reply to defendant's answer, plaintiff made the following admission of facts in the case:

"Plaintiff admits that Baltimore avenue was then, as now, fifty feet wide, and the division line between the roadway for vehicles and teams, and the sidewalk for pedestrians, was the curbing set and constructed thereon, eleven feet from the line of the private property, abutting on Baltimore avenue, with the said eleven feet, or so much thereof that should be appropriated by ordinance of said city, left for sidewalk purposes, that the width and the location of the said walk constructed under said ordinance No. 10239 on Baltimore avenue, was not determined nor prescribed by ordinance of said city, other than as prescribed in section 3, of said ordinance as follows: 'Section 3. The width of the sidewalk shall not be less than five feet, laid so that the outer edge shall be as directed by the city engineer.' "

The defendant insists that the ordinance just quoted is void, in that it fails to prescribe the width of the sidewalk. The charter of Kansas City provides that the city council shall have power to construct sidewalks "to such extent, of such dimensions, and with such material, and in such manner, and under such regulations as may be provided by ordinance." [Charter, art. 9, p. 137.] It thus clearly appears that the width of a sidewalk is a legislative function devolving on the city council. This, the plaintiff does not deny; but he says the ordinance did sufficiently prescribe the width of the walk.

To prescribe that a walk shall not be "less than five feet" in width, is a provision that it may be any greater number of feet, and so a walk ten feet wide would meet the requirement of the ordinance as fully as one of five feet. The question has been directly decided by the Supreme Court of Illinois, the court saying

that, "We are unable to see how it can be seriously contended that to describe a walk as 'not less' or 'not more than' so many feet wide is a substantial compliance with the statute, which requires the ordinance to prescribe the width of a sidewalk." [Mansfield v. The People, 164 Ill. 611; affirmed and approved in The People v. Hills, 193 Ill. 281.] But it is also held by that court (distinguishing those cases) that where the material which a contractor was to use should be "not less" than certain named dimensions, the ordinance was valid. Thus, that curbstones should "not be less than four feet long;" that a bed of sand should "not be less than seven inches;" that the bed of cinders for a pavement should be "at least six inches deep." And the Supreme Court of this State in Sheehan v. Gleeson, 46 Mo. 100, reluctantly held that an ordinance prescribing that a curb should "not be less than four inches in thickness" was valid.

It seems to me that the true solution of the question depends upon the character of the authority, which the ordinance confers upon the city officer letting the contract for the work. If such an ordinance means that such officer must let the contract in the language of the ordinance, then we may very well conclude that it is definite enough to use the expression, "not less than" a certain named dimension. For, practically speaking, it may be assumed that contractors will always figure and bid upon the minimum dimension, and thus "not less than" a certain mentioned number of feet would, for all practical purposes, be that number of feet which is mentioned. But, if such an ordinance is to be construed as authorizing the contracting officer, in his discretion, to let the work at any dimension greater than the minimum, manifestly it ought to be held invalid, as being a failure to exercise the legislative function cast upon the council by the charter and delegating it to a ministerial officer. We, therefore, must conclude that the Supreme Court in the Sheehan case assumed that the ordi-

nance there considered meant that the city engineer should advertise for bids and let the contract in the language of the ordinance, and that it did not mean that he had any discretion above the minimum dimension stated. As to that part of defendant's objection to the ordinance here under consideration, we feel bound by the decision of the Supreme Court in the Sheehan case. For, we cannot see any practical distinction between the ordinance in that case prescribing that curbing "shall not be less than four inches in thickness, and shall be set in the ground at least twelve inches below the surface of the pavement," and the ordinance in this case prescribing that "the width of the sidewalk shall not be less than five feet."

But the second branch of defendant's objection to the ordinance must be sustained. The space between the property line and the curbing next to the street properly used for vehicles was eleven feet, and so under this ordinance, the "outer edge" of the walk might reach to the curb, "if directed by the city engineer." In other words, the city engineer was left to say where the walk should be laid within the space. That was a "manner" and "regulation," which the charter commands the council to direct, and it cannot be delegated to the engineer. If it be said that the council itself has undertaken to locate the walk, we would be compelled to answer that it was so indefinite as to be invalid for uncertainty. [Witmore v. Chicago, 206 Ill. 367.] In McChesney v. City of Chicago, 171 Ill. 253, a sidewalk ordinance, which contained nothing from which it could be inferred whether the walk was to adjoin the curb line or property line, was held to be void for uncertainty. If the power was put in the hands of the city engineer, then it was an unauthorized delegation. [Bradford v. City of Pontiac, 165 Ill. 616; McCrowell v. City of Bristol, 89 Va. 652; Chase v. Scheerer, 136 California 248.] And so it has been de-

cided in this State in a great number of cases. [Haag v. Ward, 186 Mo. 347, 348.]

But plaintiff urges that much of the walk authorized by the ordinance had been built by the other property owners along the line in front of their property. That such walk, so built, was five feet wide and a certain uniform distance from the curb line, and that the walk in controversy was built to be uniform with such other portions of the walk. We cannot see how that can aid the case. It is an attempt to validate the ordinance by showing what was done under it. In Brown v. City of Denver, 7 Colo. 305, it is said: "A valid assessment can not be made under an invalid ordinance, and its constitutionality (the ordinance) is not to be tested by what has been done under it, but what it authorized to be done by virtue of its provisions." In other words, the validity of an ordinance was to be tested like the validity of a statute. In the City of St. Louis v. Allen, 53 Mo. page 55, the court said of an illegality authorized by statute: "It is true, it is not likely to happen, but the fact that it may possibly happen, *is enough to condemn the law.*" To the same effect are Dexter v. Boston, 176 Mass. 247; Colon v. Lisk, 153 N. Y. 194; Collins v. New Hampshire, 171 U. S. 33-34; and Minnesota v. Barber, 136 U. S. 313.

Plaintiff further suggests that an objectionable and invalid section of an ordinance may be rejected and yet the remaining portion be enforced, and cites Haag v. Ward, 186 Mo. 325, in support thereof. That case does not sustain plaintiff. It is there decided that an invalid section may be rejected and the remainder of the ordinance stand *if it would be complete authority* under the charter to construct the work provided for. But in this case, if we reject section 3, there is no provision for width or location of the walk left, and therefore, in effect, no authority for its construction.

We will affirm the judgment.    All concur.