## MUNICIPAL SECURITIES CORPORATION, Appellant, v. JEMUEL C. GATES, Respondent.

Kansas City Court of Appeals, April 6, 1908.

1. **TAXBILLS: Kansas City Charter: Sidewalk: Delegation of Authority.** The sidewalk space was thirteen feet. An ordinance authorized a sidewalk five feet wide without locating it on said space. *Held*, its location was not a mere matter of detail but one of great importance and the ordinance did not comply with the Kansas City charter.

2. ———: **Compliance with Law: Benefit.** In construing proceedings *in advitum* the law authorizing them should in all respects be substantially followed and the question is not whether the taxpayer's property has been injured or benefited but whether he has been taxed according to law.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover*, Judge.

AFFIRMED.

*William R. James,* for appellant, filed argument.

*Henry N. Ess* for respondent.

The ordinance is invalid and without authority of law in delegating to the city engineer the power to determine which five feet (what part) of the thirteen-foot sidewalk space was to be paved; on which five feet was a sidewalk to be constructed. This ought to have been determined by the council, in their legislative capacity. They could not delegate this power to the city engineer. I quote section 2, article 9, City Charter of Kansas City, page 137. Ramsey v. Field, 115 Mo. App. 625; Excelsior Springs v. Ettenson, 120 Mo. App. 226; Ruggles v. Collier, 43 Mo. 377; St. Louis v. Railroad, 43 Mo. 379; St. Louis v. Clemens, 43 Mo. 403; St. Louis v. Russell, 116 Mo. 255; St. Louis v. Howard, 119 Mo. 43; Neil v. Gates, 152 Mo. 594; St. Joseph ex rel. v. Wilshire, 47 Mo. App. 130; Haag v. Ward, 186 Mo. 348; City to use v. Eddy, 123 Mo. 557; Sheehan v. Gleason, 46 Mo. 105; Haegele v. Mallinckrodt, 46 Mo. 579; Sedalia to use v. Donahue, 190 Mo. 422; State ex rel. v. St. Louis, 56 Mo. 281; Saline County v. Wilson, 61 Mo. 239; Stewart v. Clinton, 79 Mo. 609; Reisterer v. Land Co., 160 Mo. 152; Kansas City v. Bacon, 147 Mo. 303; State ex inf. v. Trust Company, 144 Mo. 586; Unionville v. Martin, 95 Mo. App. 36.

BROADDUS, P. J.—This is a suit in four counts to enforce the lien of four special taxbills, issued by Kansas City to pay for constructing sidewalks in front of certain lots owned by defendant. These taxbills were issued August 24, 1899, and aggregate without interest the sum of $1,039.63. A jury was waived and the cause tried before the court upon an agreed statement of facts. The judgment was for the defendant from which plaintiff appealed.

The sidewalk space on each side of the street was thirteen feet. The ordinance provided for the construc-

tion of sidewalks five feet wide within this space, the distance from the outer line to the curb to be determined by the engineer. The contract also is to the same effect. There are no questions raised as to the quality of the work. The defendant contends that the ordinance under which the work was done was invalid because it delegated to the engineer the duty of locating the walks.

Section 2, Article 9, Charter of Kansas City provides for the construction of sidewalks, "within the city, at such times, and to such extent, of such dimensions and of such materials and in such manner and under such regulations as may be provided by ordinance, and to pay therefor . . . by issuing special taxbills as herein mentioned . . ." The argument of the plaintiff is that the location of the sidewalk within the thirteen feet space was a mere matter of detail and not necessary to be specified in the ordinance.

It is held: "Where the charter of a city requires that the size of a sewer to be constructed be prescribed by ordinance, but contains no such requirements as to inlet manholes, etc., nor the material to be used in their construction, the latter are mere appendages and may be regarded as matters of detail not necessary to be specified in the ordinances. [St. Joseph to use of Gibson v. Owen, 110 Mo. 445.] Every material requirement of the charter was complied with in that instance, under the provisions of the ordinance under which the work was done. Where the city charter required sewers to be of such dimensions, mentioned, etc., as shall be prescribed by ordinance, a taxbill was held not to be void" because the ordinance did not specify the thickness of the sewer pipes, where the form of contract on which the bidding was based and which was entered into, specified the thickness, and it had been the uniform custom for years to use but one character of pipe; there being no pretense that the contractor used an inferior quality." [Dickey v. Porter, 101 S. W. 586; 203 Mo. 1.] In the case under

consideration not only the ordinance but the contract also fails to definitely locate the sidewalk to be constructed, and there was no proof showing that there was any particular rule which should be followed in such cases. In Sheehan v. Gleeson, 46 Mo. 100, the question was not one of omission on the part of the city council to prescribe by ordinance the materials for the curbing or the manner of doing the work, but it was a question whether the ordinance was as definite and specific as to those matters as required by the provisions of the charter. In City of Excelsior Springs v. Ettenson, 120 Mo. App. 215, it was held that the taxbills for the curbing were good although not located by ordinance, because it was shown that its location could not be determined until the width of the roadway was determined. The case is wholly unlike this one. In Haag v. Ward, 186 Mo. 325, is a case where the city council delegated without authority to the city engineer certain powers, but the court held that if the section of the ordinance by which such power was delegated to the engineer was separable from the rest of the ordinance, it might be omitted therefrom and the balance would be complete for authority to construct sidewalk; and that a taxbill issued for the construction of a sidewalk, which contained nothing on its face to show that it included any cost of construction under the delegated authority to the engineer, it would not be invalid.

In a recent case decided by this court it is held that, an ordinance which left to the city engineer to say where within the sidewalk space the sidewalk should be located, was a delegation of legislative function of the city council; "or otherwise it is too indefinite to fix location." The taxbills were held to be void. [Ramsey v. Field, 115 Mo. App. 620.] The decision is conclusive of the question under discussion. The same principle is announced in Ruggles v. Collier, 43 Mo. 353; City of Excelsior Springs v. Ettenson, supra. In our opinion the loca-

tion of a sidewalk within the sidewalk space, when such space is greater than the width of the walk is not a mere matter of detail, but often of great importance. This is so evident that it is not necessary to supply instances.

In construing proceedings, *in invitum*, the law authorizing them should be at least substantially followed. The reason for it, in cases of this kind, is that the taxpayer having no voice in the matter he ought not to be held liable unless the law of the case has been in all respects substantially followed. The law regulating such matter, having been carefully framed with the view of protecting the citizen who is bound by the result, must be obeyed, otherwise the will of the legislature will be thwarted and the citizens oppressed. It would be an unprofitable task to undertake a review of the numberless instances in which the courts of the land have with great unanimity enforced the rule to be followed in such cases. And it is not a question whether the taxpayer's property has been injured or benefited, so far as he is to be bound by the proceedings, but whether he has been taxed according to law. If the course pointed out by the law is not pursued, he has been injured in his rights in being deprived of that protection which was among its purposes to afford. It will not do to say because the property-owner has been benefited by the improvement that he should pay for it, whether the law has been complied with or not. This would be to invoke the spirit of expediency to which a court of justice should never resort. We believe the judgment of the trial court was right. Affirmed. All concur.