## ANDERSON GRATZ et al., Appellants, v. CITY OF KIRKWOOD et al., Respondents.

### St. Louis Court of Appeals, April 7, 1914.

1. **SPECIAL TAX BILLS: Improvement of Streets: Validity of Estimate of Cost.** The mayor of a city of the fourth class, acting as the officer to make and file an estimate of the cost of a street improvement, as required by Sec. 9407, R. S. 1909, may consult an engineer and adopt as his own an estimate prepared wholly or in part by such engineer, provided he gives the matter such attention and so far informs himself that the estimate filed may properly be said to reflect his own judgment; and, in the absence of evidence to the contrary, it will be presumed that he performed his duty in this respect.

2. ————: ————: ————: **Proper Officer to Make Estimate.** The estimate of the cost of street improvements in a city of the fourth class, as required by Sec. 9407, R. S. 1909, providing that such estimate shall be made by "the city engineer or other proper officer," must be made by an officer acting, in the performance of his duty, under his oath of office, but any officer designated by the board of aldermen must be presumed to possess the requisite qualifications for performing such duty, so that where such a city has no city engineer, the mayor may be designated by the board of aldermen to make the estimate.

3. ————: ————: **Exceeding Estimated Cost: Method of Computation.** The estimate of the cost of a street improvement in a city of the fourth class gave the estimated amount of each item of labor and material, and the estimated price thereof, per unit, the total estimated price of each of such

items, and the total estimated price of the improvement as a whole. The contractor's bid, upon which the contract was based, merely stated the price, per unit, at which the work would be done. These prices were less than those of the estimate, with the exception of the price for one item, which was higher. Neither the amounts for the various items, nor the total price for doing the work, were stated. The contract provided that the work should be paid for at the contract prices, but in no event in excess of the estimated cost. The cost of doing the work, in accordance with the contract prices, was less than the total estimated cost. *Held*, that the contract was not invalid, as fixing a contract price in excess of the estimate, in violation of Sec. 9407, R. S. 1909, although the contract fixed the unit price for one item in excess of that of the estimate, since the total amount to be paid was limited by the contract to the amount of the estimate, and the amount in fact paid for the work was less than the amount of the estimate.

4. ——: ——: **Changing Plans: Improper Delegation of Authority.** A provision in an ordinance providing for the improvement of a street in a city of the fourth class, that a committee of the board of aldermen may make alterations in the grade, plan or dimensions of the work, either before or after its commencement, is invalid, for the reason that it attempts to authorize the making of changes after the plans and specifications have been adopted and public notice of them given, and even after the contract has been let, and for the further reason that it attempts to delegate to a committee the power conferred upon the board of aldermen by statute.

5. ——: ——: ——: ——: **Validity of Balance of Ordinance.** The invalidity of a provision in an ordinance providing for the improvement of a street in a city of the fourth class, that a committee of the board of aldermen may alter the plans and specifications, either before or after the commencement of the work, did not invalidate the entire ordinance or the special tax bills issued for doing the work, on the ground that the provision operated to deter other contractors from bidding because of the reserved right of the committee to make alterations in the work, so as to render the extent and character thereof indefinite and uncertain, since the invalid provision may be eliminated without affecting what remains, and since, also, it must be presumed that other possible bidders were not ignorant of the invalidity of the provision.

6. **MUNICIPAL CORPORATIONS: Ordinances: Void in Part and Valid in Part.** The fact that a portion of an ordinance is invalid will not invalidate the entire ordinance, where such portion may be eliminated without affecting what remains.

7. **PRESUMPTIONS: Knowledge of the Law.** All men are presumed to know the law.

8. **SPECIAL TAX BILLS: Public Improvements: Substantial Compliance With Statute.** The rule that the mandatory provisions of the statute governing street improvements and the issuance of special tax bills to pay therefor must be fully complied with, does not permit the raising of objections of a purely technical character, where the contractor did the work in good faith and the substantial rights of the citizens were fully safeguarded.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney* and *Hon. G. A. Wurdeman,* Judges.

AFFIRMED.

*Davis Biggs* for appellants.

(1)   In a proceeding to levy a special tax by a municipal corporation, where the owner's property is taken without his consent, every provision of the law made for that purpose must be strictly followed or the tax bills will be declared void.   Municipal Securities Company v. Gates, 130 Mo. App. 552; City of Kirksville v. Coleman, 103 Mo. App. 215; Barber Asphalt Paving Co. v. O'Brien, 128 Mo. App. 267; Excelsior Springs v. Ettison, 120 Mo. App. 215; Cole v. Skrainka, 105 Mo. 309; DeSoto v. Showman, 100 Mo. App. 323.   (2) (a)   There was an absolute failure to comply with the mandatory provision of Sec. 9407, R. S. 1909, requiring the city engineer or other proper officer to make an estimate of the cost of the improvement.   Weisner v. Bank, 106 Mo. App. 672; Rich Hill v. Donnan, 82 Mo. App. 386; Boonville v. Rogers, 125 Mo. App. 149; Nevada v. Eddy, 123 Mo. 546; DeSoto v. Showman, 100 Mo. App. 323; Wheeler v. Poplar Bluff, 149 Mo. 36; Boonville v. Stevens, 95 S. W. 314; Kirksville v. Coleman, 103 Mo. App. 215; Paving Company v. O'Brien, 128 Mo. App. 278; Erie v. Brady, 150 Pa. St. 462; Probst v. Girard Investment Company, 137 S. W.

42; Walsh v. Bank, 139 Mo. App. 647; Akers v. Kohlmeyer, 97 Mo. App. 528. (b) The duties of a public officer must be performed by him and not by an employee or a private citizen. Competent persons may be employed as clerks and assistants, but their work must be directed and the results thereof officially certified by the officer. . Weisner v. Bank, 106 Mo. App. 668; Rich Hill v. Donnan, 82 Mo. App. 386; Boonville v. Rogers, 125 Mo. App. 142; Nevada v. Eddy, 123 Mo. 546; Sedalia v. Donohue, 190 Mo. 407. (3) Conceding the estimate filed to be a compliance with the law, the contract price exceeded the estimate, which is likewise contrary to the express provisions of the statute and equally vital to the validity of the tax bill. See cases cited under Point II (a) supra. (4) In view of the fact that the streets and alleys committee had the authority under the ordinances to change the grade, form and plan of the improvement, either before or after the work commenced, this rendered the plans and specifications so indefinite and uncertain as to stifle competition and render the ordinances and tax bills void, and the fact that no change was afterwards made does not give validity to an ordinance already void. Excelsior Springs v. Ettison, 120 Mo. App. 225; Kirksville v. Coleman, 103 Mo. App. 218; City of Trenton v. Collier, 68 Mo. App. 483; Jones v. Plummer, 137 Mo. App. 344; Grant v. Barber, 135 Calif. 185; Dickey v. Holmes, 109 Mo. App. 721; Municipal Securities Company v. Gates, 130 Mo. App. 552; Poplar Bluff v. Bacon, 144 Mo. App. 480; City of Independence v. Knoepper, 134 Mo. App. 601; Wells v. Bernham, 20 Wis. 112; Anderson v. Fuller, 51 Fla. 380; 2 Paige on Taxation by Assessment, Sec. 821, p. 1398; Foss v. Chicago, 56 Ill. 354; Lakeshore Railroad v. Chicago, 144 Ill. 391; McChesney v. Railroad, etc., 200 Ill. 146; Glover v. People, 201 Ill. 545. (5) The validity of the contract ordinance with Winter must be determined as of the day it was entered into. The ordinance of a city, like a statute,

cannot be given validity by what happened to be done under it. It is judged by what was possible to be done under it. Ramsey v. Field, 115 Mo. App. 626; St. Louis v. Allen, 53 Mo. 55; Brown v. City of Denver, 7 Colo. 305; Dexter v. Boston, 176 Mass. 247; Collins v. New Hampshire, 171 U. S. 33; Minnesota v. Barber, 136 U. S. 313.

*T. K. Skinker* for respondents.

(1) The preliminary estimate as made by Mayor Knierim is a valid estimate. R. S. 1909, Secs. 9407, 9371; Bevier v. Watson, 113 Mo. App. 506; Fayette v. Rich, 122 Mo. App. 152; State ex rel. v. Job, 205 Mo. 34; State ex rel. v. Job, 205 Mo. 34; State ex rel. v. Jordan, 231 Mo. 577; Gratz v. Wycoff, 165 Mo. App. 196; Heman Construction Co. v. Loevy, 179 Mo. 455; Jaicks v. Merrill, 201 Mo. 91; Dickey v. Porter, 203 Mo. 1; Betts v. Naperville, 214 Ill. 380; Cuming v. Grand Rapids, 46 Mich. 150; Walsh v. The Bank, 139 Mo. App. 648; Boonville v. Stephens, 238 Mo. 339. (2) The price agreed to be paid did not exceed the estimated cost of the work, and the tax bills are valid. R. S. 1909, Sec. 9407. The statute only negatively says that no contract shall be let for a price exceeding the estimate. Any contract which complies with this negative requirement is lawful. To violate the statute the contract must state a price in excess of the aggregate estimate. It is this aggregate only which the statute requires the engineer to state. It does not call for items. Independence v. Briggs, 58 Mo. App. 241; Cuming v. Grand Rapids, 46 Mich. 157; Goodwillie v. Detroit, 103 Mich. 283; Wewell v. Cincinnati, 45 Ohio St. 407. The contractor can in no event get more than the aggregate estimate under Ordinance No. 572. Webb City v. Aylor, 163 Mo. App. 155; Cravens v. Ins. Co., 148 Mo. 583; Gratz v. Wycoff, 165 Mo. App. 196; Stover v. Springfield, 167 Mo. App. 328. (3)

There is no lack of definiteness in Winter's contract in respect to line, grade, form or dimensions of the work. Sec. 16 of Ordinance 572, which undertakes to allow a variation in these is void. Rev. Stat., Secs. 9400, 9370; Ruggles v. Collier, 43 Mo. 353; Neal v. Gates, 152 Mo. 585, 594; St. Joseph v. Wilshire, 47 Mo. App. 125; Galbreath v. Newton, 30 Mo. App. 380, 392; King Hill, etc., Co., v. Hamilton, 51 Mo. App. 120. But this section is separable from the rest of the ordinance and does not make the whole void. St. Louis v. Liessing, 190 Mo. 454; St. Louis v. Grafeman, 190 Mo. 492; Water Co. v. Neosho, 136 Mo. 498; Carroll v. Campbell, 108 Mo. 550; State v. Clarke, 54 Mo. 17; Rockville v. Merchant, 60 Mo. App. 365.

ALLEN, J.—This is a suit in equity to cancel a certain tax bill and remove the cloud thereby cast upon the title to plaintiffs' property. The decree below was for the defendants, and the case is here upon plaintiffs' appeal.

The suit was begun by Laura C. Gratz, the owner of certain real property fronting upon Taylor avenue, a public street in Kirkwood, a city of the fourth class. During the pendency of the suit plaintiff departed this life, and the cause has been duly revived in the names of the devisees under her will.

The tax bill in question was issued for a special assessment levied against appellants' property for the improvement of said Taylor avenue. A resolution was duly passed by the board of aldermen of the city of Kirkwood, and approved by the mayor of said city, declaring it necessary to improve a portion of said Taylor avenue, in the manner therein specified, and in accordance with specifications contained in certain ordinances, which resolution was duly published according to law; and an ordinance was duly enacted, known as ordinance No. 754, providing that such portion of the above-mentioned street be so improved.

This ordinance, among other things, authorized and directed the mayor to prepare and file an estimate of the cost of doing such work—there being at such time no one holding the office of city engineer—and further provided that all matters connected with the work should be governed by the general provisions of a general improvement ordinance of the city, being ordinance No. 572, in so far as the same were applicable, and that the work should be paid for by the issuance of special tax bills in accordance with the provisions of such general ordinance.

Thereupon advertisement was duly made for bids for doing the work; and a preliminary estimate of the cost thereof was filed by the mayor. Thereafter the defendant contractor, Henry Winter, submitted a bid, and at a meeting of the board of aldermen such bid, being the only bid filed, was accepted, and an ordinance was duly enacted contracting with Winter for doing such work. The latter ordinance, among other things, provided that when the work should be fully completed in accordance with such contract ordinance, and duly accepted, the city would pay the contractor therefor, in accordance with his accepted bid, ''by issuing special tax bills as provided in ordinance No. 572, and not otherwise.''

Before the contractor filed his bid, he received notice from plaintiff's counsel that plaintiff would contest the validity of any tax bill issued against her property for such improvement of said Taylor avenue; such notice not stating, however, any of the matters relied upon as rendering such tax bill invalid.

The above-mentioned work was duly performed by the contractor, and a final estimate of the cost thereof was filed by the then city engineer. Thereupon the city accepted the work, and an ordinance was enacted levying a special assessment upon the property of plaintiff and others to pay the costs thereof, and providing for the issuing of special tax bills therefor.

The case was tried upon an agreed statement of facts, in which the aforesaid resolution, special ordinances, estimates, bid, etc., are fully set out, together with so much of general ordinance No. 572 as pertains to the issues herein. It is unnecessary to incorporate this entire statement of facts into the opinion, but we shall later refer to such further details thereof as may be necessary to the determination of the questions involved in the appeal, in considering the reasons urged why the tax bill here in question is claimed to be illegal and void.

I.   It is first contended that the tax bill is void for the reason that there was no legal estimate of the cost of said improvement, as is required by section 9407, Revised Statutes 1909, applying to cities of the fourth class.   The latter section provides as follows:

"Before the board of aldermen shall make any contract for building bridges, sidewalks, culverts or sewers, or for paving, macadamizing, curbing, guttering or grading any street, avenue, alley, or other highway, an estimate of the cost thereof shall be made by the city engineer or other proper officer and submitted to the board of aldermen, and no contract shall be entered into for any such work or improvement for a price exceeding such estimate."

The estimate which was filed conformed to ordinance No. 572, above mentioned, in that it gave the estimated amounts and prices of the various items of the work, stating also the estimated total cost thereof. It was signed by J. H. Knierim, mayor.   In the agreed statement of facts it is stipulated and agreed that this estimate, though signed by the mayor, "was in truth and fact made by one Joseph M. Wilson, a private citizen and not a proper officer of said city;" that said Wilson was an educated and experienced civil engineer, and afterwards became the city engineer of said city,

and that "he was consulted by the mayor before the filing of said estimate."

It is contended that this was a plain violation of the statute, wholly unwarranted, and that it renders the tax bill absolutely void. It is argued, for one thing, that the fact that the mayor signed the estimate did not make it his estimate, for the reason that if he could lawfully make it at all, then it devolved upon him to do so personally, exercising his own judgment in the premises.

But we think it clear that if the mayor was a proper officer to make and file the estimate, within the meaning of the statute, he could rightfully consult a skilled engineer concerning the same, and adopt, as his own, an estimate prepared wholly or in part by such engineer; or, at any rate, that he could do so, provided he gave the matter such attention and so far informed himself as to the same, that the estimate filed may properly be said to reflect his own judgment in the premises, and not alone that of a private individual not bound by the sanctity of an oath of office. And in the absence of evidence to the contrary it must be presumed that the officer performed his duty in this respect, for such is the presumption which obtains in such a case.

The case is not like that of Paving Company v. O'Brien, 128 Mo. App. 267, 107 S. W. 25, where the ordinance made it the duty of the city engineer to prepare the plans and specifications, but such engineer accepted plans and specifications made and presented by one of the bidders. It was held that to thus bestow an advantage upon a favored bidder, was sufficient in itself to make the act unlawful, but the court further held against the validity of the tax bill, "on the ground that the engineer could not delegate the performance of a duty so important to a private person, whether or not such person was interested in the proposed improvement as a prospective bidder, or otherwise." The language just quoted, however, we think is not

applicable to the facts of the case before us, for the reason that it does not here appear that the mayor attempted to altogether delegate the performance of his duty to a private person, but rather that he called to his aid a skilled and disinterested engineer, who, it is to be inferred, made the actual computations, but with whom the mayor consulted before filing the estimate which was adopted as his own. Other questions were involved in Paving Company v. O'Brien, supra; and on the whole the facts were there such as to make the decision, we think, not persuasive authority upon the question under discussion.

Neither is the decision in Rich Hill v. Donnan, 82 Mo. App. 386, here controlling. It is there said: "In this case an estimate was made in the name of the proper officer of Rich Hill, but it was not made by him. He delegated his duty to one or two other persons. . . . In answer to a question whether he made an estimate he answered: 'Mr. Tedford did for me, because I was working and probably away at that time, but if anything came up he was to attend to it, and if my name was put to it, Mr. Tedford or Mr. Bird did it.' This was an wholly unwarranted proceeding. Instead of an estimate being made by the officer designated by law, we have one gotten up, for aught appearing to the contrary, by one of two private persons."

It thus appears that in that case the estimate was in no sense made by the officer whose duty it was to make it; that he did not sign it, nor, for aught that appears, had he anything whatsoever to do with it. Manifestly he could not wholly delegate the performance of such duty and authorize a private person to sign his name to any estimate which the later might prepare.

Neither is what is said in Boonville v. Stephens, 95 S. W. 314, of consequence here. The language of the opinion referred to by appellants' counsl was used

by the Kansas City Court of Appeals in passing upon the validity of an estimate made by a city engineer, which merely stated ''that the work should be done at a cost not to exceed $1.47 per square yard.'' The latter court held such estimate to be insufficient. The cause, however, was certified to the Supreme Court (see Boonville v. Stephens, 238 Mo. 339, 141 S. W. 1111), where the decision of the Kansas City Court of Appeals was reversed, the Supreme Court holding the estimate to be sufficient.

In the instant case, not only must the presumption be indulged that the mayor performed his duty with respect to the estimate signed and filed by him, but the agreement contained in the agreed statement of facts tends to confirm this, in that it appears that the mayor consulted with the engineer in question before filing the estimate. From this it is fair to conclude that the mayor satisfied himself as to the correctness of the estimate, before he adopted and filed the same. If he did so we think that he so far performed his duty in the premises that no error can be said to inhere in the proceedings in this respect.

It is also earnestly insisted by learned counsel for the appellant that the mayor, who was not an engineer, was not a ''proper officer'' to make the estimate, within the meaning of the statute. At this particular time the city of Kirkwood had no city engineer. The statute provides that such estimate shall be made by the city engineer, *or other proper officer*, and it is contended that by ''other proper officer'' is meant an officer having special knowledge and skill with respect to such matters.

It is true that there are opinions of the Kansas City Court of Appeals which contain language lending much support to this contention.

In Boonville v. Rogers, 125 Mo. App. 142, 101 S. W. 1120, the only estimate of cost was: ''Not to exceed $300.'' It was held that this estimate was not

a compliance with the statute, the court saying: "It was the intention of the lawmakers to protect the rights of the property owner, who has no voice in the making of such contracts, for which his property is taxed, from the ignorance or inexperience of the ordi-. nary councilman in such matters and from the cupidity of contractors, and in furtherance of that intention has required, before any contract for improvements of the kind shall be made, an estimate of an engineer or other proper officer of skill with special knowledge of such matters and who are thereby enabled to give informa- tion approaching accuracy. An engineer is supposed to know, in the construction of a sewer, how much earth is to be excavated, how much material it will take to construct the sewer itself, how much dirt will have to be returned to the excavation and all the minute details of the work; and by means of his knowledge and ex- perience he is enabled to judge the probable costs of performing the work and the costs of the material to be used. These are matters of which the ordinary person has little or no knowledge." [See also what is said in Wesner v. Bank, 106 Mo. App. 670, 80 S. W. 319, and in Paving Co. v. O'Brien, supra.]

.But despite such expressions of our brethren of the Kansas City Court of Appeals, in cases where the precise point was not involved, the question appears to have been definitely decided by that court, contrary to appellants' contention, in Fayette v. Rich, 122 Mo. App. 145, 152, 99 S. W. 8. There the court said: "If the city had an engineer the statute did not in terms im- pose the duty on him of making an estimate of the cost of the sidewalk. Section 5895 (Sec. 9407, supra) provides that such estimates may be made by the city engineer or other proper officer. It is left to the coun- cil to say what officer shall make estimates of the cost of city improvements. Whoever that body selects, he, being an officer of the city, may be presumed to be qualified for the duty."

This we think states the true rule upon the subject. The lawmakers evidently contemplated that many cities of the fourth class in this State would not have city engineers, and hence provided that the estimate might be made either by the city engineer or any other proper officer. It is quite clear that it must be made by an officer, acting, in the performance of his duty, under his oath of office. But it also seems quite clear that any officer designated by the board of aldermen must be presumed to possess the requisite qualifications for performing such duty. The making of such an estimate does not necessarily involve great technical skill, and it does not appear that the Legislature intended that it could be done only by an officer who is also an engineer. If this were true many cities of this class would doubtless experience great difficulty in making public improvements.

II. It is also urged that the contract price for the improvement in question exceeded the preliminary estimate, contrary to the provisions of the statute. (Sec. 9407, supra.) The statute provides that no contract shall be entered into for a price exceeding the estimate. And if the statute was violated in this respect, the contract was void and the tax bill necessarily invalid.

The estimate filed by the mayor, in accordance with the provisions of ordinance No. 572, supra, gave the estimated amount of each item of labor and material, i. e., for grading, macadam, gravel, curb and gutter, and for rolling the surface, together with the estimated prices thereof, per unit, and the total estimated price of each of such items, making the total estimated cost $2751.80.

The contractor's bid, upon which the contract with him was based, merely stated the prices, per unit, at which the contractor proposed to do the work, i. e.,

per cubic yard of grading, per square (100 cubic feet) of macadam and gravel, per lineal foot of curbing and guttering, and per day for rolling. These prices were less than those of the estimate, except for grading and gravel; that for grading being the same as the estimate, and the price for the gravel being twenty-five cents per square higher than the estimate. No amounts of the various items were specified in the bid, and no total or lump sum was stated. Neither did the city, in accepting the contract, specify any total amount for which the contract was entered into.

The record shows that the total cost of the work at the contract rates was $2628.72, being $123.08 less than the total estimated cost. It was estimated that 67 squares of gravel would be necessary whereas 72.4 squares thereof were required. Likewise there were 48.7 squares of macadam used, while the estimate was 37 squares. The amounts of the other items were the same as or less than the estimates.

It is contended that the bid was indefinite and uncertain, and that it might or might not have exceeded the total amount of the estimate; and that as the price of gravel in the bid was higher than in the estimate, and the contract ordinance agreed to pay the contractor the prices mentioned in his bid, the contract was in contravention of the statute. But we are of the opinion that the contract entered into cannot be said to have been "for a price exceeding such estimate." The statute does not in terms require a bidder to name a specific price or gross sum. It merely provides that no contract shall be let for a price exceeding the estimate. The contract entered into was to the effect that the contractor should do the work in question at the prices mentioned in his bid, but without reference to the amount of the various items.

It cannot be said that the contract was let for a price exceeding the estimate for the reason alone that the price per unit for one item was greater than that

in the estimate, when the prices of the remaining items were less than those of the estimate, with the exception of one, which was the same. And though no total amount was stated in the bid, or the contract based thereupon, the amount agreed to be paid the contractor was limited to the total of the preliminary estimate by the contract ordinance and the other ordinances expressly called into the contract ordinance and made a part of the contract. That is to say, the contract ordinance provided that the work should be done in accordance with the provisions of ordinance No. 574, supra, stating that the latter ordinance was made a part of the contract; and also provided that the work should be paid for, at the contract prices, by issuing special tax bills, "as provided in ordinance No. 572, and not otherwise." Ordinance No. 574 provided that all matters connected with the work should "be governed by the general provisions of ordinance No. 572;" and that tax bills therefor should be issued in accordance with the latter ordinance. And Section 26 of Ordinance 572 provided as follows: "In no event shall the sum to be paid to the contractor under his contract exceed the aggregate of the preliminary estimate made by the engineer or other proper officer." The amount to be paid to the contractor was thus limited to the "aggregate of the preliminary estimate." In no event could he have received more. The total cost of the work was in fact less than the total of the preliminary estimate. And we think it clear that the statute was not violated in that the contract entered into was for an amount exceeding the preliminary estimate.

And we see no valid objection to the making of such a contract by the city. It permits the contractor to receive pay for the amount of labor and material actually furnished by him, at the contract price, provided the total thereof does not exceed the total estimated cost of the work. On the other hand, it

would appear that such a contract may be of advantage
to the city, or to the property owners who ultimately
pay for such work, in preventing the letting of the work
at a lump sum higher than the reasonable cost of the
labor and material entering into the same; for it is
reasonable to suppose that a contractor in bidding
upon such work, at a lump sum, will allow a reasonably
safe margin, over and above his estimated cost of the
whole in order to guard against unforeseen difficulties
arising in the progress thereof, or by way of allowance
for errors in computation. We think that the contract
made cannot be said to be contrary to either the letter
or the spirit of the statute.

III. It is further urged that the plans and speci-
fications provided for in the ordinances above men-
tioned were so uncertain and indefinite "as to the line,
grade, plan, form and dimension of the work" as to
render the tax bill void. The specifications provided
were quite definite and explicit; and there is no con-
tention that any error inhered in the proceeding in this
respect otherwise than because of the provision of sec-
tion 16 of ordinance 572, supra. That section pro-
vided as follows:

"The street and alley committee shall have the
right to make alterations in the line, grade, plan, form
or dimensions of the work herein contemplated, either
before or after the commencement of the work. If
such alterations diminish the quantity of the work to
be done, they shall not constitute a claim for damages
or for anticipated profits on the work dispensed with;
if they increase the amount of work, such increase
shall be paid for according to the quantity actually
done and at the price or prices stipulated for such
work in the contract."

The street and alley committee was a committee
of the board of aldermen, composed of three members
thereof. And it is argued that the plans and specifi-

cations provided by the ordinances were rendered so uncertain and indefinite by reason of being subject to such changes and alterations as this committee might make in the work, even after the commencement thereof, as to render the entire proceeding void and invalidate the tax bill.

It is true that it devolves upon the city authorities to determine upon definite plans and specifications for the proposed work, in order to impart definite information to prospective bidders respecting the improvement, and prevent favoritism and corrupt practices, and in order as well that property owners may have an opportunity to arrest the proceedings by a protest against it in the manner provided by the statute. [See Excelsior Springs v. Ettenson, 120 Mo. App. 215, 96 S. W. 701; Ramsey v. Field, 115 Mo. App. 626, 92 S. W. 350.] But we think that the proceedings here in question were not rendered invalid, and the tax bill void, by reason alone of the presence of section 16 in ordinance No. 572, supra. It is true that that section attempts to authorize changes to be made after the plans and specifications have been adopted, and public notice given of them, and even after the letting of the contract. For this reason it is in plain violation of the mandatory provisions of the statute. Furthermore this section is void because the board of aldermen thereby attempted to delegate to a committee the power conferred upon them by statute. [See Haag v. Ward, 186 Mo. 325, 85 S. W. 391; Neill v. Gates, 152 Mo. 585, 54 S. W. 460; Ramsey v. Field, supra.]

It quite clearly appears that this section is void, and it only remains to see what effect this should have upon the matter in hand. That it does not invalidate the entire ordinance of which it forms a part we think is likewise clear, for it may be altogether eliminated without in any manner affecting what remains. [See Haag v. Ward; Ramsey v. Field, supra.] Though, as a part of ordinance 572, it was called into the contract,

it was a void provision and must be treated as a nullity. It is argued that its effect would be to deter contractors from bidding, because of the fact that the city thus undertook to reserve to itself the right, through the street and alley committee, to make alterations and changes in the work, rendering the extent and character thereof indefinite and uncertain. But all men are presumed to know the law—however violent such presumption may be—and it would seem that prospective bidders must be presumed to have known that this section was inoperative and void, and that their bids upon the work could not be thereby affected. And we think that it would be fair to assume that no one would be deterred from bidding upon the ground that the city might undertake to assert the right to make subsequent changes in the work under this section. The latter, being ineffectual and void, would furnish no protection whatsoever to the city in attempting to deviate from the definite and explicit plans and specifications which had been adopted. And it must be presumed that bidders would not be ignorant of this.

We are therefore of the opinion that the tax bill is not rendered void by reason of the presence of this section in the ordinance in question.

IV.    Much is said by learned counsel for the appellant to the effect that in a proceeding of this sort every provision of the law must be strictly followed. But this should be taken to mean, not a highly technical compliance, with the requirements of the law, but rather a fair and reasonable observance of its provisions. With respect to this question it is said by LAMM, J., in Gist v. Construction Co., 224 Mo. l. c. 379, 380, 123 S. W. 921: "It is a fundamental proposition that laws, whether State or municipal, are presumed passed in a spirit of justice and for the welfare of the community. It follows they should be so interpreted, if possible, as to further that purpose. Therefore,

while laws and ordinances anent the improvement of streets should be subjected to reasonable analysis and construction, yet they should not be subjected to an over-nice analysis or to any unfriendly construction, springing from the notion that the contractor is prone to mischief .or that street improvements are evils to be judicially circumvented.''

It is true that the proceeding is *in invitum*, and the courts have ever jealousy guarded the rights of the property owner, and required that the mandatory provisions of the law be fully complied with before his property shall be burdened with a special tax assessment for a public improvement. But this should not be regarded as meaning that questions raised with respect to such a proceeding, of a purely technical character and wholly lacking in substance, should be allowed to prevail and to defeat a tax bill for work done by a contractor in good faith, where the real and substantial rights of the citizen, which the law seeks to protect, have in fact been fully safeguarded. [See also Meyers v. Wood, 173 Mo. App. 564; Delmar Investment Co., et al., v. Lewis, et al., 162 S. W. 675.]

A consideration of the proceedings had upon which the tax bill here in question is predicated, as shown by the agreed statement of facts, has led us to the conclusion that there was in fact no failure to comply with the law, and that the tax bill should be held to be valid. It follows that the judgment should be affirmed, and it is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.